*137
 
 PEARSON, J.
 

 Considering the authority given to High, to sell the land and make a conveyance,- in the light of a power of attorney, the deed executed by him could have no effect, because it was made after the death of his principal, by which it was revoked. Considering it'as a power of appointment, under the doctrine of uses, it is equally imperfect, because it is well settled that an estate cannot be created by means of a general power of appointment given in a covenant “to stand seized” to uses, or in a “deed of bargain and sale;” and the deed of Clara Thomas to her two children, in which the power is contained, must be either the ‘ one or the other of these conveyances.
 

 1. Supposing it be a “ covenant to stand seized,” that conveyance operates by a use being raised on account of a good consideration, and then the legal estate is carried to the person having the use, by force of the statute of rises; a use must first be raised, and that can only be done by a good consideration — natural love, for instance, between the covenantor and the person in whose favor it is to arise- Of course, such a consideration cannot exist where the appointee, or person to have the use, is at the time unknown, and may be any one whom the donee of the power may af-terwards appoint: and, although the appointee may hay pen to be one who is a kinsman of the covenantor, that will not suffice; for the eonsideratian that will support a deed, when it requires a consideration, must exist at the time it is executed ; otherwise the deed is deficient, and the accident of a consideration afterwards cannot give to it any effect* This, however, is beside the question; for the appointee was not a kinsman
 
 'of the
 
 covenantor. Although, as between the donor and her two children, there was a sufficient consideration to support the deed, and to raise the use limited
 
 to
 
 them, yet a good consideration is personal, and cannot extend, for any purpose, beyond tbe party, and the use limited to the party. If a parent covenants to stand seized to
 
 *138
 
 the use of a child for life, remainder to the use of a stranger, the remainder is void. The reasons apply with more force to future contingent uses, and with still more to such uses as are to be raised by a general power of appointment, although the power is given to the child : of course,, to give such a power to a stranger is out of the question.
 

 2. Suppose it to be a deed of “ bargain and sale that differs from a “covenant to stand seized ” only in this: that one requires a
 
 good,
 
 and the other a
 
 valuable
 
 consideration ; and the remarles made above apply, with a slight distinction, growing out of the nature of the two kinds of consideration. And the difference is this : a good consideration, as before remarked, is personal; whereas, a valuable consideration may be paid to the bargainor, for and on account of another. So that, although a covenant to stand seized to the use of a stranger, in consideration of natural love for the child of the covenantee, is void, yet a bargain and sale to B, in consideration of value, paid by a stranger to the bargainor, for and on account of B, raises the use, and the statute' carries the legal estate. So if one, in consideration of value paid to him by A, bargains and sells to A for life, remainder to 'B in fee, it will be intended that A paid the consideration, as well on account of B, as for himself. But the person to whom it is limited must be named, for it cannot be intended that a consideration was paid for and on account of an unknown person. For this reason'it is settled that a future contingent use to
 
 one
 
 unknown, or not in
 
 esse,
 
 cannot be raised by a deed of bargain and sale. It is also settled that a use cannot be raised by a general power of appointmeut, given to the taker of the first estate in the use : and the case is much stronger where the power of appointment is given to a stranger, which is our case. For then the idea that any consideration moved from the unknown appointee to the bargainor is entirely out of the question. And it does not alter the case if, after the ap
 
 *139
 
 pointee is known, 'he should pay a valuable consideration to-' the ‘bargainor ; for the deed is absolutely void, unless the consideration is paid, or secured to be paid, (which is the same thing,) at the time the deed is executed.
 

 It would be an idle display of learning to pursue this subject further; Sir Edward S.;gdcn, in his treatise on Powers, discusses it fully, and it so clearly appears that, in regard to the question before us, there is no conflict of opinion. So it urould seem useless to have said as much as we have, but for the purpose of simplifying the subject, and relieving it from that seeming confusion which is sometimes produced by too much learning. In vol. 1, page 85, ho says : “ A power in a bargain and salo to lease to any man, although for a valuable consideration to be paid or rendered, is too general, and therefore void.” “ So such a power in a covenant to stand seized is, for the same reason, void: nor is it any argument in favor -of a lease under such a power, that it is granted to some person within the consideration of blood, because, by reason of its generality, the power was void at the time the deed was executed.” At page 86: “ It seems clear that a power may be raised, in a bargain and sale, to lease to a person from, or in behalf of whom, a consideration moved at the execution of the deed: so a power may be raised in a contract to stand seized, to grant a lease to a person named in the deed, and within the consideration of blood or marriage, although such a lease cannot be granted where a general power is reserved to leaseto any man.” In such cases, as Lord Chief'Baron GriLEEST has observed,
 
 “
 
 no use can arise; for, when the persons' arc altogether uncertain, and the terms unknown, there can be no consideration. If such cases could be.supported, it might, on the same ground, be argued that contingent uses to persons not in
 
 esse
 
 could bo. raised in a bargain and sale, provided they paid a consideration when born. It is settled that such a general power is void in its creation.” Saunders, in his
 
 *140
 
 treatise on Uses and Trusts, vol. 2, page 42, says ;■ “As no use can be limited to arise out of a use, it follows that a use cannot be limited upon the legal estate of the bargainor, so as to be executed by the statute; neither can there be a
 
 scintilla juris,
 
 or possibility of the seizin remaining in the bargainor, after the bargain and sale, to serve a use limited on a future event, because the consideration paid by, or on account of, the bargainee, and which constitutes the foundation of the bargain and sale, appropriates tile use exclusively for his benefit. The limitation of the use to the bar-gainee is a consequence arising from the payment of the money, and beyond that limitation the original consideration and contract do not extend: therefore, if there be a bargain and sale for the uso of the bargainee, with a power from him to make leases, a lease made under that power cannot operate as an appointment of the use to the lessee.”
 

 The reason why these authors direct their attention almost exclusively to the power to make leases is, because the question was settled at an early day against the power to sell, and has never since been agitated. But the power to make leases was so convenient and almost necessary, according to the condition of things in England, that it found some advocates — among others, Cruise, They, however, were forced to restrict it to leases where a full rent is reserved to be paid to the person having the first estate, and, after its determination, to the taker of the second estate. The admission of the necessity for this qualification yield's the question ; for, evidently, it is not tlio amount but the fact of the consideration that forms the basis of the doctrine : for the pirn-pose of raising a use, one dollar is as effectual as one thousand.
 

 If a general power to lease cannot be given to one to whom the first estate is limited,
 
 a fortiori
 
 a general power to sell cannot be given to a stranger. The whole subject is fully discussed in Mildmays case, 1 Rep. 177.
 

 
 *141
 
 Judgment reversed, and judgment for tbe plaintiffs, according to tlie case agreed.