A. M. STEVENS ET AL. v. LLOYD K. WOOTEN ET AL.

(Filed 28 October, 1925.)

**1. Deeds and Conveyances—Gifts—Purchaser—Remainders—Contingent Estates.**

Under a deed of gift of lands from a father to his son with contingent limitation over to the issue of another son, in the event the former should die without issue, the limitation over is not to the heirs general, but to the children who take on the happening of the contingency which would divest the title of the first taker, and where this contingency has happened and the estate goes over to the contingent remainderman, the latter takes from the grantor under the deed. C. S., 1654, Rule 4.

**2. Same—Repugnancy.**

A deed of gift from the father to the son in the granting clause in fee, and later in the same conveyance to the issue of another of his sons upon contingency, the two clauses of the deed will not be construed as repugnant to each other but to carry out the intent of the testator upon the happenings of the contingency; and a charge upon the profits of the lands for the support of the grantor will not affect the result.

APPEAL by plaintiffs from *Midyette, J.*, at March Term, 1925, of SAMPSON.

The parties agreed upon the following statement of facts:

1. That on and prior to 21 December, 1847, the lands in controversy belonged to Redding Williams, on which date he sold and conveyed the same, for a valuable consideration, to Francis Pugh, by deed recorded in deed book 30, p. 192, of the register's office of Sampson County.

2. That Francis Pugh married Mary Ann Stevens, née Mary Ann Kirby, and widow of Joseph Stevens.

3. That by her first marriage to Joseph Stevens the said Mary Ann Stevens had one child, namely, Joseph W. Stevens, and the plaintiffs are the children and heirs at law of the said Joseph W. Stevens.

4. That by her second marriage to Francis Pugh the said Mary Ann Pugh had four children, namely, Thos. K. Pugh, James H. Pugh, Carrie Pugh Fordham and Mollie Pugh Wooten.

5. That Thomas K. Pugh died intestate and without issue 29 March, 1868; that Carrie Pugh Fordham died intestate and without issue; that Mollie Pugh Wooten died intestate, leaving as her heirs at law the defendants, L. K. Wooten and J. Frank Wooten; that James H. Pugh subsequently died, unmarried and without issue, on .... September, 1922.

6. That L. K. Wooten and J. Frank Wooten are joint administrators upon the estate of their mother, Mollie P. Wooten, and J. Frank Wooten, also administrator upon the estate of James H. Pugh.

7. That Francis Pugh, by deed, dated 18 December, 1866, and recorded in Deed Book 36, p. 540, conveyed the land in controversy to James H. Pugh, upon the terms and limitations set out in said deed, which deed is hereby referred to and the same in its entirety is incorporated as a part hereof.

8. That, over the exception of the defendants as to the legal effect of it, there was offered for the consideration of the court the will of William Kirby, item four, as appears by record of wills, Book 1, p. 271, which item four is here referred to and incorporated as a part hereof.

9. That if the plaintiffs are entitled to recover anything in this action they are entitled to judgment against the defendants in the sum of one-half of $14,400 or ($7,200), with interest thereon from ... September, 1922, the date of the death of James H. Pugh.

Upon the foregoing facts it was adjudged that the plaintiffs have no interest in the lands or in the proceeds derived from the sale and that said proceeds are the sole property and estate of the defendants. The plaintiffs excepted and appealed.

*Graham & Kennedy, Faircloth & Fisher and Fowler & Crumpler for plaintiffs.*

*Henry E. Faison and Cooper, Whitaker & Allen for defendants.*

ADAMS, J. ·As to James H. Pugh or Thomas K. Pugh is the conveyance from Francis Pugh, dated 18 December, 1866, a deed of gift or a deed of purchase? Upon the principle that title to land acquired by a deed of gift from an ancestor is classed with title acquired by descent or devise the plaintiffs admit that if the conveyance is a deed of gift they are not entitled to recover. C. S., 1654, Rule 4.

This deed was construed in *Pugh v. Allen,* 179 N. C., 307, in which the limitation over "in case the said James H. Pugh should die without

an heir" was interpreted as meaning "not his heirs general, but his issue in the sense of children and grandchildren, etc., living at his death." *Mr. Justice Hoke,* who wrote the opinion, said also: "This, then, being the correct interpretation of the present deed, on the death of the plaintiff and grantee, James H. Pugh, without issue, which now appears to be altogether probable, the estate would go over to the heirs of Thomas K. Pugh, deceased, of the blood of the first purchaser, and these would take and hold not under the proposed vendor, but as heirs of Thomas K. under the deed from Francis, the grantor, and, on the death of James H., without issue living at his death, his deed would be of none effect. *Sessoms v. Sessoms,* 144 N. C., 121; *Smith v. Lumber Co.,* 155 N. C., 389. We are not inadvertent to the position argued for plaintiff that the limitation over is void as being repugnant to the portion of the deed carrying to plaintiff an estate in fee, but putting aside this fact that the limitation is stated as a part of the consideration of the deed and expressed in the form of a condition, the two clauses are not repugnant in the sense that one is destructive of the other, but, under the rule of interpretation heretofore stated, the limitation should be properly held as a qualification of the granting clause, and showing that the intent of the grantor is not to convey a fee simple absolute, but a fee defeasible, as his Honor ruled."

The plaintiffs contend that the insertion of the words "of the blood of the first purchaser" was *obiter* and in no way material to the decision, as no question had then been raised as to whether the deed was executed as a gift or a purchase. It is by no means clear that this clause is only a *dictum.* Indeed, it seems purposely to have been made a material part of the opinion, determining the course of the limitation over in case James H. Pugh should die without issue living at the time of his death; for this contingency is referred to in the opinion as "altogether probable"; and according to a statement in the agreed facts it has since become a reality.

Further, the plaintiffs say that the deed should be construed as a bargain and sale for value for the reason that it recites several considerations. Love and affection and a nominal sum of money are hardly sufficient. *Harper v. Harper,* 92 N. C., 300; *Powell v. Morisey,* 98 N. C., 426. The reservation of a right "to draw from the land such portion. of the crops as the grantor should deem sufficient for his sustenance" is not inconsistent with a deed of gift; and the alleged consideration of a limitation over has been construed to be nothing more than a qualification of the granting clause. *Pugh v. Allen, supra.* To understand the provision for the grantee's release of his interest in the land devised to Mary Ann Pugh, it is necessary to refer to item 4 in the will of William Kirby:

"I give, devise and bequeath unto my daughter, Mary Ann Pugh, during her natural life my negroes, Isaac, Surcy, Crecy, Ned, Tilpha, Haywood, Clane and Cherry; also all the land I purchased of Salmon Strong and wife, except so much as is hereinbefore given to my son, William Turner Kirby, and including the place whereon she now lives. After the death of my said daughter I give, bequeath and devise the whole of the aforesaid lands and negroes and their future increase unto such of her children as shall be living at the time of her death and their heirs forever. But in case she should die without leaving any children living at her death, then unto the children of my son, William Kirby, then living and their heirs forever."

The plaintiffs submit cited cases as tending to support their position that the deed cannot be a purchase as to James H. Pugh and a gift as to Thomas K. Pugh. The first is *Smith v. Smith,* 46 N. C., 135. The quotation chiefly relied on is this: "So if one, in consideration of value paid to him by A., bargains and sells to A. for life, remainder to B. in fee, it will be intended that A. paid the consideration, as well on account of B., as for himself." But in such case the remainder in fee passes from the grantor at the time seizin is delivered to A. of his life estate in possession. No title is retained and there is no reversion. 2 Bl., 167. On the other hand, under the decision in *Pugh v. Allen, supra,* the deed from Francis Pugh discloses a contingency upon the happening of which a deed from James H. Pugh would have been of no effect; and as the contingency has since occurred the heirs of Thomas K. Pugh take, not under James H., but under the deed from the grantor, Francis. The principle upon which rests the decision in *Royster v. Royster,* 61 N. C., 226, is the same as that announced in *Smith v. Smith, supra.*

We have examined the remaining cases cited in the briefs and on the argument of the appellant's counsel; and if we grant their contention that James H. Pugh's release of the contingent interest referred to in the will of William Kirby is sufficient to raise a meritorious consideration as between Francis, the grantor, and James H., the grantee, we find no warrant in law for disturbing the conclusion reached by *Mr. Justice Hoke.* We therefore adhere to the decision that, upon the death of James H. Pugh without surviving issue, the heirs of Thomas K. Pugh, of the blood of the first purchaser, hold their interest, not under James H. Pugh, but under the deed from Francis, the grantor.

The judgment of the Superior Court is

Affirmed.