Ruffin, C. J.
 

 There is no ground for rescinding the contract in respect to the whole of the tract of 291 acres, or for any greater relief than the order gives the plaintiff. The will gives no estate to the issue of the testator’s children ; but it makes the fee of each defeasible upon his or her death before having a child, and in that event, makes a limitation over to the surviving children. The fee was therefore contingent upon the birth of issue. The testator meant, if his children should have issue, that they should have the means of advancing them in their lives, and not that they should be restricted to the power of disposing of tbe estate, if they should leave issue at their deaths. This not only results from the terms of the limitation over, but from the consideration, that it is not.confined to tbe laud, but embraces all the property bestowed by tbe testator on his children ; without which they could make no provision for their families. As both John and Corrindon have married and had issue, as stated in the answer and to be inferred from the obligation, which only-speaks of Parthena’s lot, the title to those two Jots had become absolute and the plaintiff got a good title to them, as he expected.
 

 
 *301
 

 To
 
 the remaining third the title is not perfect, and from present prospects only an estate for her life will be obtained under the conveyance of Parthena. What is to iollow from that 1 Certainly, not the consequence, asked by the plaintiff, of rescinding the whole contract, nor more, we think, than allowing him a proportionable abatement of the price, or a just compensation for what he loses. It is beyond a doubt, that no imposition was practised on him. He does not pretend, that he did not see the will; and he certainly did, as he says lie entertained doubts of the construction. He says, indeed, that the dependant assured him, that counsel had given an opinion, that the children took an absolute fee. But the defendant denies making the representation, and he certainly could not have made it; for the obligation expressly recites, that the title to this lot of Parthena was not good, and that it would “revert back to the heirs of Jesse Wilson’s property, provided the said Parthena should die without issue.” Then the plaintiff’s case is, that he knowingly purchased the land with a defect in the title of one third of it, and took a conveyance from the vendor, and at the same time took from other persons, who had a contingent interest in fee in that third after the life of the person under whom he claims, conveyances of his own preparing, for that interest, being four ninths, in addition to that of his vendor, and took also a collateral engagement from the vendor, and a
 
 surety,
 
 that those
 
 to
 
 whom the other four ninths belonged would convey' the same. Upon that case it is manifest the purchaser cannot rescind the contract even as to that lot, but, at most, is entitled only to compensation out of the purchase money. Mr. Sugden says, indeed, that, even when the contract rests in articles, if the purchaser, before executing the articles, has notice of an incumbrance which is contingent, and it is agreed that the vendor shall covenant against incumbrances, the purchaser has entered into the articles
 
 *302
 
 with his eyes open, and chosen his own remedy, and equity will not assist him, and he cannot detain any part of the purchase money.
 
 Sug. Ven. Ch.
 
 9,
 
 Sec.
 
 6. But here the party took a conveyance from the vendor for the whole, with a separate covenant in relation to four ninths of a third — as to which latter part alone, there is a defect of title. The plaintiff has not shewn his deeds, so that it may appear what covenants they contain. If they contain none, the plaintiff is clearly entitled to no relief, unless in respect of the separate obligation ; because he knew of the defect and ought to have provided against it. And certainly the bond can entitle him to not more than a proper deduction at the hearing for the loss of part of the land, if to that. Indeed, the plaintiff asked in his bill, or, as far as it appears in the argument, nothing less than a decree for completing the title, or putting an end to the bargain as to the whole tract of 291 acres. That last he was clearly not entitled to under the circumstances. Being obliged to keep two of the lots, it is to be presumed that it was the plaintiff’s object and interest to hold as much of the intermediate lot as he could get a good title for; and it was for that reason, that he did not ask to rescind the contract as to that lot alone, upon the ground of losing so much as four ninths of it. As he did not ask it, the Court, of course, would not frame the decree with o view to that result. We think the Court went far enough in retaining a sum which seems amply sufficient to indemnify the plaintiff. The price of the whole tract was $*583, which makes the price of each lot @194 33$. Hence the value of the fee in possession of four ninths would be a little under $80. But here the purchaser has at all events an estate for the life of Parthena, which he has already enjoyed for six years ; so that the sum, for which the injunction was held up, must, apparently, prove adequate to any thing decreed, as an abatement, on the hearing. Therefore the Court is of opinion that the decree
 
 *303
 
 is not erroneous, at least, as against the plaintiff, and ought to stand affirmed, with costs in this Court.
 

 Per Curiam.
 

 Decree below affirmed.