A jury trial having been waived, his Honor found the following facts:
1. That Tyre Glenn died in Yadkin County in 1875, seized and possessed of the lands described in the petition, leaving a last will and testament, etc., and the lands described in the petition, under proper proceedings between the devisors, were allotted to the plaintiff's (438) intestate in the year 1882.
2. That the plaintiff's intestate intermarried with Peter Fulp in the year 1884, and had issue, one child — Mittie Fulp.
3. That Peter Fulp died in March, 1891, and Martha J. Fulp, the plaintiff's intestate, died in September, 1891, and Mittie Fulp, her only child, died, without issue, in March, 1892 — all intestate.
4. That the plaintiff, W. L. Kelly, was, on 27 November, 1891, duly appointed and qualified as the administrator on the estate of Martha J. Fulp; that the personal estate is insufficient to pay the debts and costs of administration.
5. That the plaintiff's intestate is the person referred to in the will of Tyre Glenn, deceased, as Martha J. Glenn; that Thomas Glenn, the trustee, died in 1876.
6. That the defendants are the children and only heirs-at-law of the brothers and sisters of Martha J. Glenn.
The case turned upon the construction of the third clause of the will, which is as follows:
"Item 3. — After my death, and the payment of all my just debts, I give, will and bequeath and devise to my daughters, Martha J. Glenn, Harriet E. Duskin, Bertha Glenn, Fanny Glenn and Lilly Glenn, and *Page 322 
to my sons, William B. Glenn, Thomas Glenn and Tyre Glenn, all my real estate not herein disposed of to Fanny and Lilly, to be equally divided between them, to have and to hold the same to them and their heirs forever, and the lots given to Fanny and Lilly, as before mentioned, to be estimated at a fair valuation in equalizing the shares so as to make all of the above-named children equal in my real estate: Provided, however, that that portion of my real and personal estate that falls to Martha J. Glenn I give, will, bequeath and devise to my son, Thomas (439) Glenn, in trust, to be held, controlled and managed by him as in his judgment he may deem best for the sole and separate use and behoof of my daughter, Martha J. Glenn, so long as she remains unmarried, or so long as she may live, and if she should die without issue, then her share to be equally divided between all my children."
The court held that Martha J. Glenn took a fee simple estate upon her marriage and birth of issue, and rendered judgment for the plaintiff, from which defendants appealed.
We are of the opinion that the ruling of his Honor was correct. The proper construction of the will of Tyre Glenn, in respect to this controversy, is as follows: It devises a fee to Martha J. Glenn, with a proviso that it shall be held in trust during her life or maidenhood for her separate use, with an executory devise over to her brothers and sisters, should she die without issue. As soon as she married and had issue, the fee became absolute. Saddler v. Wilson, 40 N.C. 296; Davis v.Parker, 69 N.C. 271.
Affirmed.