E. A. ROLLINS v. W. KEEL et al.

*Will, Construction of—Intention of Testator—"Lawful Heir,"
When Construed to Mean Issue.*

1. In the interpretation of a will it is the duty of the Court to ascertain
   and give effect to the intention of the testator, and the meaning
   attributed by him to words and phrases, if it appears from the
   will or the circumstances surrounding him, must prevail, although
   it differs from that ordinarily attaching to such words and phrases
   as used in other wills or other written instruments.

2. A testator provided in his will as follows: "I lend to my wife all my
   lands until my son Joseph shall have attained the age of eighteen
   years, and then I give said lands to him, the said Joseph, him, his
   heirs and assigns forever : *Provided, however,* that if the said
   Joseph shall die without leaving any lawful heir, then the same,
   after the expiration of the widowhood of my wife, shall enure to
   my brother Reuben, his heirs," etc.  Joseph was the only child
   and heir at law of the testator, and died without issue a few years
   after the death of the latter.  The widow of the testator remar-
   ried after the death of Joseph.  In an action by the heirs of Reuben
   to recover the lands : *Held,* that the words " any lawful heir," as
   used in the will, should be construed to mean "issue," since it was
   the evident intention of the testator that his wife should have the
   land only during her widowhood, in case Joseph died without
   issue, which intention would be defeated by taking the words
   "lawful heir" in their technical sense, for upon Joseph's death
   without issue or brother or sister, or the issue of such, his mother
   would take as his heir.

This was a CIVIL ACTION, for the recovery of a tract of land,
tried before *Bynum, J.,* at April Term, 1894, of PITT Superior
Court, on the following case agreed :

"1. On the 6th day of October, 1881, Rufus C. Rollins
duly made and executed his last will and testament, with
all the forms and solemnities required by law, and sufficient
in form to pass both real and personal estate.

"2. That very shortly thereafter, to-wit, on the 9th day of
December, 1881, the said Rufus C. Rollins died, resident and
domiciled in the county of Pitt, and his last will and testa-

ment was, on the 15th day of December, 1881, duly admitted to probate and recorded in said county.

"3. That the said last will and testament is in the following words and figures, to-wit:

"'STATE OF NORTH CAROLINA, |
          Pitt County.            }

"'I, Rufus C. Rollins, being of sound mind and memory, do, on this the sixth day of October, 1881, make and declare this my last will and testament, in the name of God, Amen.

"'*Item 1.* I lend to my beloved wife Lorenda all of my lands until my son Joseph E. Rollins shall have attained the age of eighteen years, and then I give said lands to him, the said Joseph E. Rollins, him, his heirs and assigns, forever: *Provided, however,* that if the said Joseph E. Rollins shall die without leaving any lawful heir, then the same, after the expiration of the widowhood of my wife, shall enure to my brother Reuben A. Rollins, his heirs and assigns, forever; and I do hereby appoint my brother John R. Rollins my lawful executor to this my last will and testament, to all intents and purposes.'

"4. That the said Rufus C. Rollins died seized and possessed of a certain tract of land in the county of Pitt, lying on the public road leading from the lands of John Page to the Greenville and Bethel roads, and adjoining the lands of W. W. Hunter, John Page and others, containing about fifty-six acres, of which thirteen acres are cleared.

"5. That the said Joseph E. Rollins, mentioned in the said last will and testament, was the only child and heir at law of the said Rufus C. Rollins.

"6. That the said Joseph E. Rollins died on the 14th day of September, 1887, at about the age of six years, without issue and without brother or sister, or the issue of such.

"7. That the said Reuben A. Rollins, mentioned in the

said last will and testament, died in the month of October in the year 1889.

" 8. That the plaintiff Ernest A. Rollins is the only child and only heir at law of the said Reuben A. Rollins.

" 9. That in the month of February, 1890, the widow of the said testator, Rufus C. Rollins, and one of the defendants in this action, intermarried with the other defendant, William Keel.

" 10. That the defendants are in possession of the said land, and have refused, upon demand, to deliver possession.

" 11. That the annual rental value of said land is $20."

Under the above case agreed, judgment was rendered in favor of the defendants and against the plaintiff, who appealed.

*Messrs. Larry I. Moore* and *Latham & Skinner*, for plaintiff (appellant).

No counsel, *contra.*

SHEPHERD, C. J.: " In interpreting wills it is the duty of the Court to ascertain and give effect to the intention of the testator. Technical rules of construction and decided cases serve only as aids rather than as binding rules in the discharge of such duties. The meaning of every will, and its several parts, depends largely upon the circumstances of the testator as these appear from the will itself. The meaning attributed by him to words and phrases, when it appears, must prevail, however different this may be from that ordinarily implied by such words and phrases in other wills or other written instruments. The sole and controlling purpose is to ascertain what the testator, whose will may be under consideration, intended." Applying these principles of interpretation to the will of Rufus Rollins, we experience no difficulty in reaching the conclusion that the words " any lawful heirs " should be construed to mean *issue.* In other

words, the limitation should read " that if the said Joseph shall die without *issue* then the same (the lands devised), after the expiration of the widowhood of my wife, shall enure to my brother Reuben A. Rollins, his heirs and assigns forever." It is plain that the devisor intended that his widow should have the land until Joseph attained the age of eighteen years, and that if he should die without issue she should have it only during her widowhood. If the words "lawful heirs" are to be taken in their technical sense, the widow would, in the event of Joseph's dying without issue or brother or sister, or the issue of such (and this was the case), take the fee as heir of her son. This would defeat the intention of the devisor, as it is clear that he did not intend that she should have any interest in the land in the event of her marrying again. This view is well sustained by the reasoning of the Court in *Patrick* v. *Morehead*, 85 N. C., 62.

Joseph having died without issue, and the widow having married, the limitation over to Reuben must take effect, and his heir, the plaintiff, is entitled to recover.

Reversed.