W. W. FRANCKS v. T. C. WHITAKER et al.

*Will—Construction of—Devise .*

1. In the construction of a will, the predominant and controlling purpose of the testator must prevail when ascertained from the general provisions of the will over particular and apparently inconsistent expressions to which, unexplained, a technical force is given.

2. Where a testatrix devised land to her son for life and after his death to his lawful heir or heirs, if any, and, if none, to the children of another son, the words "heir or heirs" will be construed to mean his issue and not his heirs generally, and upon his death without issue the land goes to the children of the other son, all of whom were living at the date of the will.

CIVIL ACTION, heard before *Brown, J.*, at Fall Term, 1894, of JONES Superior Court, on complaint and answer. The action was brought by the plaintiff against the defendants to declare certain deeds made to his children by the defendants a cloud upon plaintiff's title and to have them cancelled, and himself, the plaintiff, adjudged to be the owner of the lands described in the complaint. His Honor being of the opinion that the plaintiff acquired no title to the land under the clause of the will of his mother referred

to in the complaint, dismissed the action and plaintiff appealed. The material facts appear in the opinion of Associate Justice MONTGOMERY:

*Messrs. O. H. Guion* and *W. W. Clark*, for plaintiff (appellant).

*Messrs. Simmons, Gibbs & Pearsall*, for defendants.

MONTGOMERY, J. : The Courts in interpreting wills, make it their first duty to find out and give effect to the intention of the testator. Even where a testator makes use of technical, legal phrases and expressions which have, in law, a fixed and definite legal meaning, yet if he so explain and qualify their use as to show an intention different from the meaning which the law puts upon the technical words, the will must receive that construction which the testator intended. "So, as the predominant and controlling purpose of the testator must prevail when ascertained from the general provisions of the will over particular and apparently inconsistent expressions to which unexplained, a technical force is given, we may inquire and find out in what sense such expressions were used and what the testator meant in using them." Under this test we will look into the will which is before us for construction. Its date is 11th of July 1885, and the section before the Court is in these words : "I give and devise ( real estate ) to my beloved son E. S. Francks, during his natural life, and after his death to his lawful heir or heirs, should he have any surviving him, but should he not have any lawful heir or heirs surviving him, then I give and devise the same to the children of my beloved son W. W. Francks." The word "lawful" may be stricken out as meaningless, for there is no such anomaly in the law as *unlawful* heir. At the time of the date of the will W. W. Francks, the brother of E. S. Francks and the plaintiff in this action, and the children of W. W. Francks were living. The testatrix knew that if E. S. Francks died

after the will was published, the very grand-children to whom the estate was devised would have been his heirs if their father had been dead.   If she meant heirs general, why say "But should he not leave any lawful heir or heirs surviving him", knowing at the time there were living persons who were his lawful heirs and that he must continue to have heirs as long as those to whom the land was limited in remainder should live?   It is plain that this is so, and therefore the proper construction of the will is as if it read, "I give and devise to my beloved son E. S. Francks, during his natural life, and after his death to his issue, should he leave any surviving him, but should he not leave issue then I give and devise the same to the children of my beloved son W. W. Francks." *Rollins* v. *Keel*, 115 N. C., 68.   No error.   Judgment affirmed.                        Affirmed.