MARY BIRD v. ALLEN GILLIAM.

*Will, Construction of—Devise—Rule in Shelley's Case—"Heirs of Body" Mean "Issue," When.*

A testator devised lands as follows: "I loan the land whereon I now live to my daughter Mary during her natural life and give the same to the heirs of her body, but, if she should have no lawful heirs of her body, the said land at her death shall go back to my son William." *Held,* that the rule in Shelley's case has no application to the estate devised to Mary or William, the expression "heirs of the body," in view of the explanatory words contained in the clause, being construed "issue."

CIVIL ACTION to recover land, tried at September Term, 1897, before *Bryan, J.* There was judgment for the defendant and plaintiff appealed.

*Mr. F. D. Winston,* for plaintiff (appellant).
*Mr. R. B. Peebles,* for defendant.

MONTGOMERY, J.: The Courts always give that interpretation to wills which will most effectually carry out the

intention of the testator, and there is no exception to this rule but in those cases where the testator uses technical words, which in law have a definite meaning and which are construed under a rule of the law. The defendant insists in the case before us that the testator had made use of certain technical words which in law thwart his intention, and that under the Rule in Shelley's case he, defendant, has a good title to the land conveyed to him by deed hereinafter mentioned.

The following is the clause of the will, the true construction of which will settle the contention between the parties: "I, John Swain, being of sound disposing mind and memory, do this day make this my last will and testament: After my debts are paid the land whereon I now live and in my possession I loan to my wife during her natural life, and at her death I loan the same to my daughter Mary during her natural life and give the same to the heirs of her body, but if my daughter Mary should not have no lawful heirs of her body the said land at her death shall go back to my son William and the heirs of his body." Mary died without issue, and William died without issue before Mary, having conveyed in his life time by deed his interest to Mary. The defendant claims by deed from Mary executed after the deed from William to her. The plaintiff is next of kin and heir at law of the testator.

The Rule in Shelly's case does not apply here. If there had been no words explanatory of the words "heirs of her body" in connection with the estate devised to Mary, she would under the Rule have taken the fee. *Nichols* v. *Gladden*, 117 N. C., 497. But there were such explanatory words where the testator said "but if my daughter Mary should not have no lawful heirs of her body the said land, &c." Such explanatory words have been construed by this Court to mean *"issue." Rollins* v. *Keel*, 115 N. C., 68. Mary

then only took a life estate. So, unless the deed from William to Mary conveyed the fee, the defendant has no title to the land.

We are of the opinion that the estate devised to William was a contingent remainder depending upon the determination of the estate of Mary by her death without issue, *Watson* v. *Smith*, 110 N. C., 6, and is not a case for the application of the Rule in Shelley's Case. The contingency happened, for Mary died without issue, but under a proper construction of the will the estate devised to William was only a life estate.

There was error in the judgment of his Honor upon the facts agreed and the judgment is reversed.

                                        Reversed.