Thomas J. Pitchford, Sr., died leaving a last will and testament, and the rights of the parties to this controversy depend on the correct construction of the following clause in said will: "As I have heretofore given my son John C. Pitchford, nothing or nearly so, I hereby give him the privilege of selecting tract No. 1, containing the dwelling house, in full right and title to him and his heirs forever, on this condition, however, that he reside on the place. If he refuse this offer, as I trust he will not, then the same offer is hereby made to my son, Thomas J. Pitchford, on condition that he resign fully all claim, if any he may think he has, to tract No. 2, and on the further condition that he is hereby given a life interest therein, and after his death to his heirs (lawful) forever."
John C. Pitchford, referred to in the clause, did not elect to (14) take the property therein described, but received other benefits under the will given him in case he determined not to accept the property. The defendant holds his title under deeds in fee from both John C. and Thomas J. Pitchford, Jr., mentioned in this clause of the will. The plaintiffs are the children and heirs at law of this Thomas J. Pitchford, Jr., now deceased, and maintain their right to recover on the ground that John C. Pitchford, having elected not to take the tract of land in controversy, nothing passed to the defendant by his deed; and that under this clause of the will, their father (Thomas J. Pitchford, Jr.,) took a life estate, and he having died, the plaintiffs who are his children and heirs at law, own and have a present right to recover the property. *Page 43 
On the facts agreed the court below adjudged as follows: "The construction of the will of Thomas J. Pitchford, Sr., touching the rights of plaintiff and defendant, having upon a written statement of facts agreed been submitted to the Court, the Court files the following judgment: The Court is of opinion, and so holds, that John C. Pitchford, having failed to reside upon tract No. 1, as designated in clause 3 of the will, did not take title in fee to said tract No. 1. But the Court is further of opinion, and SO holds, that Thomas J. Pitchford, under clause 3 in the will, took title in fee to tract No. 1, under the rule in Shelley's case, and Thomas J. Pitchford, Jr., having joined with his wife in the conveyance to A. C. Cook, trustee, the title in fee by mesne conveyances passed to the defendant. It is therefore ordered and adjudged that the plaintiff recover nothing by his suit, and that the defendant go without day and recover his costs." Both plaintiffs and defendant excepted and appealed.
PLAINTIFFS' APPEAL. (15)
The plaintiffs excepted to that portion of the judgment which held that Thomas J. Pitchford, Jr., by the terms of the will, took an estate in fee simple under the rule in Shelley's case. There is no error in this ruling. By the clause in question the property is given to Thomas J. Pitchford "for life, and after his death, to his heirs (lawful) forever." Such words have been generally held to convey a fee simple, and there is nothing in this will which makes or tends to make this an exception to the general rule.Edgerton v. Aycock, 123 N.C. 134; Wool v. Fleetwood, 136 N.C. 460;Cooper Ex parte, ibid., 130; Britt v. Lumber Co., ibid., 171.
The Court is referred by the plaintiff to the case of Bird v. Gilliam,121 N.C. 326 (overruled in 123 N.C. 63, but not on this point), toRollins v. Keel, 115 N.C. 68, and some other authorities of like kind, but these cases were decided on the ground that, by reason of certain qualifying and explanatory words or clauses of the will, the terms "heirs or heirs of the body" could not be given their simple and ordinary import, "carrying the estate to the whole line of heirs of the sort described to take in succession as such heirs," but were to be considered in a different or more restricted sense, by which they were changed from words of limitation to words of purchase. There are no such qualifying or explanatory words in the clause we are now considering, and the general rule of construction must prevail. There is
No error. *Page 44 
DEFENDANT'S APPEAL.