LEON WEST, MINOR, BY HIS NEXT FRIEND, ED WEST, v. W. B. MURPHY.

(Filed 2 October, 1929.)

1. **Wills E b—Devise to B. so long as she should live and if no children then to C. gives a child of B. a remainder after B.'s life estate.**

   Where the owner of the fee devises his land to his granddaughter so long as she should live, and if no children, then to her brother by name, the granddaughter being but a child at the date of the will: *Held,* upon the granddaughter dying leaving her surviving a child, the child takes a remainder in the lands by implication as purchaser under the will, the granddaughter having but a life estate, and her brother taking no interest in the land, the contingency upon which his estate was to be divested having happened. C. S., 1737.

2. **Wills F .b—A remainderman by purchase under a will is not estopped by deed of the life tenant and contingent remainderman.**

   Where the interest of a contingent remainderman under a will has been divested by the happening of the contingency, the remainderman who takes the lands by purchase under the will is not estopped by a deed of the life tenant and the contingent remainderman from setting up his title as against the grantee therein.

3. **Wills E a—General rules for the construction of wills.**

   In construing a will effect will be given to the intention of the testator as gathered from the written instrument unless in contravention of some

rule of law, and wherever possible effect will be given to every clause and every word, and a devise of real property will be construed as a devise in fee simple unless the will or some part of it shows an intent to convey an estate of less dignity, C. S., 4162.

**4. Same—Presumption against intestacy.**

In construing a will there is a presumption against intestacy.

**5. Same—An estate under a will may be created by implication.**

By will an estate may pass by mere implication from the language used, without any express words to direct its course, but the implication must be necessary, or highly probable, and not merely possible.

APPEAL by defendant from a judgment of *Daniels, J.,* given upon an agreed statement of facts, heard at Chambers by consent of parties. From GREENE. Affirmed.

Bryant Mooring, a resident of Greene County, died 28 March, 1911, leaving a will which was duly admitted to probate. Item 5 is as follows: "I give and bequeath and devise to my granddaughter, Bertie Hill, the following piece or parcel of land bounded and described as follows: 'Beginning at a stake ... .........., containing 20 acres, more or less, and being known as lot number three in a plat made by R. E. Beaman for Bryant Mooring, dated 3 May, 1904, to her so long as she should live, and if no children, then to her brother, Frank Hill." Bryant Mooring was seized in fee of this property at the time of his death.

Bertie Hill, after her marriage with Ed West, died on 27 June, 1923, leaving Leon West, the plaintiff, surviving her as her only child and heir at law. On 7 June, 1920, after the birth of the plaintiff, Bertie West, joined by her husband, and her brother, Frank Hill, executed a deed purporting to convey to W. B. Murphy, the property described in item five of the will of Bryant Mooring, which is duly recorded in the registry of Greene County. The defendant has been in possession of the lot in controversy since the day this deed was executed. The plaintiff brought suit to recover the land on 17 November, 1923.

It was adjudged upon the agreed facts that Bertie Hill took an estate for life in the devised lot, and that upon her death the plaintiff, her only son and heir at law, became the owner of the fee in remainder. The defendant excepted to the judgment and appealed.

*Teague & Dees and J. Faison Thomson for plaintiff.*
*J. Paul Frizzelle and George M. Lindsay for defendant.*

ADAMS, J. If under the fifth item of her grandfather's will Bertie Hill acquired a defeasible fee which became absolute when she died leaving issue, the plaintiff, her son, would be deemed to have taken by descent from his mother and not as a purchaser by implication under the

will. *Whitfield v. Garris,* 134 N. C., 24. In this event he would be estopped by his mother's deed. *Crawley v. Stearns,* 194 N. C., 15. But if the devise be construed as a gift to the granddaughter for her life with remainder by implication to her son, the latter will be regarded as a purchaser and will not be denied the right to assert his title. The first question, then, is whether Bertie Hill was given a life estate or a defeasible fee. The answer must be sought in the testator's intent as set forth in his will; for under the accepted rules of construction the written and not the unexpressed intent must control. *Pilley v. Sullivan,* 182 N. C., 493; *McIver v. McKinney,* 184 N. C., 393; *Williams v. Best,* 195 N. C., 324.

A defeasible or determinable fee is one which may continue forever, but is liable to be determined by some act or occurrence limiting its duration or extent. Because of the possibility of its continuing forever it is called a fee; it is said to be determinable or defeasible because its continuance may be defeated or avoided by the happening of the prescribed act or contingency.

Unless the will, or some part of it, shows an intent to convey an estate of less dignity, a devise of real estate will be construed to be a devise in fee simple. C. S., 4162. A gift to a person absolutely, with a provision that if he die without leaving children the property shall go to another, vests in the primary devisee a common-law fee conditional, which is defeasible upon his death without leaving a child. *Sadler v. Wilson,* 40 N. C., 296; *Whitfield v. Garris, supra; Dawson v. Ennett,* 151 N. C., 543; *Perrett v. Bird,* 152 N. C., 220; *Smith v. Lumber Co.,* 155 N. C., 389. In the cited cases the devisees took an estate in fee defeasible upon the happening of a subsequent event; but the principle upon which they are founded has no application to devises in which by the terms of the will the first taker acquires only a life estate. To this rule there is an exception. A life estate thus given may be enlarged into a fee when the particular disposition is to be determined, not as a rule of construction, but, as in *Shelley's case,* as a rule of law or a rule of property, regardless of an intent to the contrary appearing in the will. *Reid v. Neal,* 182 N. C., 192; *Nobles v. Nobles,* 177 N. C., 245. But as shown in many of our decisions the exceptions serve to clarify and impress the rule. For example, a father having devised to his daughter Mary an estate during her natural life and to the heirs of her body, on condition if she had no heirs of her body the estate should go to his son, it was held that Mary took a life estate. *Bird v. Gilliam,* 121 N. C., 326. In *May v. Lewis,* 132 N. C., 115, it was held that Benjamin May was given a life estate by the following devise: "I loan unto my son Benjamin May my entire interest in the tract of land . . . to be his during his natural life, and at his death I give said land to his heirs, if any, to be theirs in fee

simple forever; and if he should die without heirs, said land to revert back to his next of kin." In a later case the following clause was construed: "I leave Martha Morgan, wife of James Morgan, 48½ acres of land . . . during her life, then to her bodily heirs, if any; but if she have none, back to her brothers and sisters." The Court said that Martha thereby acquired an estate for her natural life. *Puckett v. Morgan,* 158 N. C., 344. On this point the following cases of later date are equally conclusive: *Jones v. Whichard,* 163 N. C., 241; *Blackledge v. Simmons,* 180 N. C., 535; *Wallace v. Wallace,* 181 N. C., 158; *Reid v. Neal, supra; Welch v. Gibson,* 193 N. C., 684. The principle pervades all the recent decisions in which the question is discussed; and, indeed, so rigidly is it applied that a devisee for life with power of disposition takes an estate, not in fee, but only for his natural life. *Chewning v. Mason,* 158 N. C., 578; *Roane v. Robinson,* 189 N. C., 628. It is obvious, therefore, that Bertie Hill was given only a life estate under the fifth item of the will.

In the fourth and sixth items the devise is to the first taker so long as he or she lives, and then to his or her children; but in the fifth, to the first taker so long as she should live, and if no children then to her brother. The appellant argues that the testator intended by the fourth and sixth items to give the first taker a life estate with remainder in fee to the children, and by item five to give the first taker a fee in the event she should die leaving children.

This construction would not only strike out the words "so long as she should live," and disregard the rule that wherever possible effect must be given to every clause and every word; it would run counter to the principle uniformly maintained in the decisions to which we have referred. Morever, the difference in verbiage is not unfavorable to the plaintiff, whose mother was unmarried and apparently a mere child when the testator died. The uncertainty of Bertie Hill's leaving surviving children was the contingency which the testator had in mind and for which he made express provision.

What interest did the plaintiff get under item five? If the first taker had died leaving no surviving child, her brother would have taken the fee as contingent remainderman. But the plaintiff survived his mother, the first taker. The remainder was not given him in express terms. Was it given him by implication? That an estate may be created by implication from the language used by a donor in a written instrument is unquestionable. "By a will an estate may pass by mere implication, without any express words to direct its course, . . . and where implications are allowed they must be such as are necessary, or highly probable, and not merely possible." 3 Bl., 381. But in *Hauser v. Craft,* 134 N. C., 319, it is said that where the devise is in the first instance to the parent

for life and then over to ulterior devisees if the parent die without leaving children, the law will raise an estate in remainder by implication in favor of surviving children upon *slight indication* of an intention to to that effect. In the clause there construed Katherine Scott was given certain property which was to be hers during her natural life only, "and should she die without leaving any child or children the property was to be divided among the rest of the testator's heirs." She died leaving children. The Court held in an exhaustive opinion written by *Walker, J.,* that she took a life estate and that her surviving children took an estate in remainder at her death by implication.

The language used in item five is substantially the same as that which was construed in *Hauser v. Craft.* Construed in the light of the testator's manifest intention it should read, "to her (Bertie Hill) so long as she shall live, and, if she die leaving no children, then to her brother, Frank Hill." C. S., 1737; *Willis v. Trust Co.,* 183 N. C., 267; *Vinson v. Gardner,* 185 N. C., 193. This interpretation conforms to settled principles. Bertie Hill's interest ceased at her death. Frank Hill took nothing because his contingent interest was dependent upon the death of his sister leaving no children. There is a presumption against intestacy, and unless the plaintiff has the remainder the fee is in abeyance or must revert to the testator's heirs. We have not discovered any indication of such an intent in Bryant Mooring's will. The judgment is

Affirmed.