OLLIE B. TYNCH, JAMES A. BRIGGS, HUBERT WILSON, RALEIGH
WILSON, HARRY WILSON, DEANNIE W. MIZZELLE, DAISY D.
BLUNT, WOODROW WILSON, ELIZABETH B. PARRISH, BERTHA B.
HUNTER, THOMAS MUND (Widower of LULA BRIGGS, Deceased),
MURIEL E. DAVIS, and MYRTLE FRY JOHNSON, Heirs at Law of
J. R. BRIGGS, Deceased, v. W. LINWOOD BRIGGS, CURTIS LEIGH
BRIGGS (Minor) and JAMES HERBERT BRIGGS (Minor), Heirs at
Law of J. R. BRIGGS, Deceased.

(Filed 21 September, 1949.)

1. **Wills § 33b—**

    The rule in *Shelley's case* applies when the word "heirs," used in refer-
    ence to the remainder after a freehold estate to the first taker, refers to
    heirs general as takers *qua* heirs in an indefinite line of succession, and
    nothing else appears; but the rule does not apply when "heirs" refers to a
    restricted class or particular persons of whom the term is merely *descriptio
    personarum.*

2. **Same—Rule in Shelley's Case held inapplicable in this case.**

    The will in question devised to testator's wife a life estate with re-
    mainder over to testator's son for life "in remainder to his lawful heirs,"
    with provision that in the event the son should die without lawful heirs,
    then to testator's daughter for life with remainder to her heirs, with
    further provision that if she should die without "heirs of her body law-
    fully begotten" then the lands to be sold and the proceeds divided *per
    stirpes* among testator's heirs. *Held:* It is apparent from the will that
    the words "lawful heirs" used in connection with the devise to testator's
    son were used to describe a restricted class and not to refer to heirs
    general of the son, and the rule in *Shelley's case* does not apply.

APPEAL of defendant W. Linwood Briggs from *Carr, J.,* March Term,
1949, Gates Superior Court.

This was a proceeding for the partition of lands described in the peti-
tion, was transferred to the Civil Issue Docket for trial on the plea of
sole seizin by Linwood Briggs, one of the respondents. Jury trial was
waived and by consent the matter was heard by Judge Carr at March
Term, 1949, of Gates Superior Court, on stipulated facts.

In the stipulation it was agreed that "the issues raised in this action
are limited to and involve only the title of James Briggs . . . to the
lands devised under paragraph three of the will of Allen Briggs, Sr."

The third paragraph of the will reads as follows:

"I give and bequeath to my wife Sarah all the remainder of my
real estate including the dwelling and other houses on said remainder
for the term of her natural life and after her death to my son James
for the period of his natural life in remainder to his lawful heirs
and in the event the said James should die without lawful heirs then
in remainder to my daughter Sallie Ann for her life and after her

death to the heirs of her body lawfully begotten—and in the event of the death of the said Sallie Ann without heirs of her body lawfully begotten then said lands shall be exposed to public sale by my executor hereinafter mentioned and the proceeds arising from such sale be equally divided between and among all my children then alive and the lawful heirs of any child that may be dead the children of said deceased child to take the parents share."

Linwood Briggs' assertion of title to the lands in controversy is based on the contention that, on a proper construction of the will, the "Rule in Shelley's Case" applies to the devise to James Briggs, vesting in him a title in fee to the item formally devised to him as a remainder after Sarah's life estate, for the period of his natural life in remainder to his lawful heirs." Linwood holds a fee simple deed from James to the land.

The petitioners deny the application of the rule, contending that such construction is inconsistent with the phraseology of the devise.

The court below found with the petitioners, rendered judgment that petitioners and respondents are owners of the lands described in item three (alone involved in controversy), and ordered sale for partition.

The respondent Linwood Briggs excepted and appealed.

*Thomas L. Woodward and Godwin & Godwin for plaintiffs, appellees.*
*W. D. Boone for Defendant W. Linwood Briggs, appellant.*

SEAWELL, J. Although a previous life estate is given to Sarah, in considering the application of the Rule to James' devise, he is technically the first taker. It is our first concern to determine who were meant by the testator as "lawful heirs" of James as second takers. If the reference is to heirs general, as takers *qua* heirs in an indefinite line of succession, and nothing else appeared, the application of the Rule is, as said in *Hampton v. Griggs, infra,* inexorable; if it refers to a restricted class or particular persons of whom the term is merely *descriptio personarum,* the rule is completely rejected. "If those who take under the Second devise take the same estate they would take as heirs or as heirs of his body, the rule applies, otherwise not." *Hampton v. Griggs,* 184 N.C. 13, 113 S.E. 501; *Puckett v. Morgan,* 158 N.C. 344, 74 S.E. 15; Minor on Real Property, p. 847.

The single expression "lawful heirs" does not stand alone. The testator uses the same term in further disposition of the item in a connection that makes it clear he was not, in either instance, referring to general heirs— "in the event the said James should die without lawful heirs then in

remainder to my daughter Sallie Ann for life." James could not die without heirs (in the general sense) as long as Sallie Ann, his sister, lived.

As we have observed, the first use of the term is not final; nor is its second use in a connection irreconcilable with any reference to general heirs the only significant factor in construction: The mere fact of further and more particular disposition of the subject item in the manner set out should be sufficient to defeat the construction contended for by the respondent.

On a contextual reading we must regard the language employed in the devise not as referring to general heirs, but as *descriptio personarum,* and find it impossible to reconcile its use with the rule in *Shelley's case.* It does not apply. *Hampton v. Griggs, supra; Puckett v. Morgan, supra; Francks v. Whitaker,* 116 N.C. 518, 21 S.E. 175; *Rollins v. Keel,* 115 N.C. 68, 20 S.E. 209; *Bird v. Gilliam,* 121 N.C. 326, 28 S.E. 489; *Williamson v. Cox,* 218 N.C. 177, 10 S.E. 2d 662.

The judgment is
Affirmed.