ROSANNA M. TAYLOR AND HUSBAND, GEORGE G. TAYLOR, v. J. J.
HONEYCUTT.

(Filed 7 April, 1954.)

**1. Wills § 33b—When "heirs" is used in the sense of children, Rule in Shelley's case does not apply.**

A devise to testator's wife and daughter for life, with further provision that if the daughter "has no heirs" the land should go to testator's son, for life, and upon his death to his heirs, *is held* to convey only a life estate to the daughter, the rule in *Shelley's case* not being applicable, since it is apparent that the word "heirs" was used to mean children or issue of the

daughter and was not used in its technical sense as importing a class of persons to take indefinitely in succession from generation to generation.

**2. Same—**

Whether the rule in *Shelley's case* applies depends upon whether the words "heirs" or "heirs of the body" are used to designate persons to take by purchase or are used in their technical sense to designate a class of persons to take indefinitely in succession under the canons of descent. This preliminary question is to be determined under the ordinary principles of construction, viewing the instrument from its four corners.

**3. Judgments § 39—**

A judgment is binding only on parties and those in privity.

APPEAL by plaintiffs from *Rousseau, J.,* Presiding Judge of the Fifteenth Judicial District, heard 16 February, 1954, in Chambers, of CABARRUS.

Controversy without action, submitted under G.S. 1-250 on an agreed statement of facts.

Plaintiffs, being under written contract to convey certain land to the defendant, executed and tendered a deed therefor and demanded payment of the purchase price. The defendant refused to accept the deed and to make payment for the land on the sole ground that the title offered was a life estate whereas the contract was for a conveyance in fee simple.

Upon the facts agreed, the court, being of the opinion that the deed tendered would convey only a life estate, gave judgment for the defendant; whereupon, the plaintiffs excepted and appealed.

*C. P. Barringer for plaintiffs, appellants.*
*Kenneth B. Cruse for defendant, appellee.*

BOBBITT, J. The *feme* plaintiff derives title to the land by devise from her father, George M. Misenheimer, and, on the facts agreed, the title offered was properly made to depend upon the construction of the following provisions of her father's will:

"I bequeath and give the balance of my land and other property except my mill property to my beloved wife Sarah and daughter Rosanna Misenheimer their lifetime. Provided Rosanna has no heirs. Then it shall go to C. W. Misenheimer, my son, his lifetime and then to go to his heirs at his death.

"My interest in the mill property with what he owes me goes to C. W. Misenheimer."

The George M. Misenheimer will bears no date. The record is silent as to the date of its execution, the date of the testator's death and the date of probate. The facts agreed include the following:

---

TAYLOR *v.* HONEYCUTT.

---

1. Sarah Misenheimer, widow of the testator, died some years ago.

2. When the will was probated, C. W. Misenheimer, the son, had two living children, Will and Henry. Afterwards, he had three more children, Roy, Glenn and George. Henry died, leaving two children. The other four children of C. W. Misenheimer are now living. C. W. Misenheimer is dead.

3. When the will was probated, the *feme* plaintiff, the daughter, had no children, being then unmarried. She married George C. Taylor, coplaintiff, about 29 April, 1914; and of this marriage there are today two living children, Grace Taylor McRorie and Elizabeth Taylor Burgess, each of whom has living children.

4. The mill property devised to C. W. Misenheimer and the debts due by him to the testator were approximately equal in value to the remainder of the lands, which remainder included the land here involved.

Upon these facts, the trial court entered judgment for the defendant, predicating judgment upon this interpretation of the George M. Misenheimer will, viz.:

"Under the terms of the will of the late George M. Misenheimer a contingent remainder vested in the children of C. W. Misenheimer subject to defeasance by contingency of the said Rosanna Misenheimer Taylor dying, living children or lineal descendants, but that upon the happening of the contingency, a legal title in fee simple will vest in the children or lineal descendants of the said Rosanna Misenheimer Taylor as implied remaindermen, but upon the failure of the contingency, the fee vests absolutely in the lineal descendants of C. W. Misenheimer, the ulterior remaindermen named in the will."

The appellee's position is that the quoted interpretation by the trial court is in accord with *Hauser v. Craft,* 134 N.C. 319, 46 S.E. 756, a leading case on the subject of implied remainders. However, for the reason stated below, we restrict our decision to the sole question upon which this controversy depends, viz.: Did the *feme* plaintiff under the devise acquire title to the land in fee simple or only a life estate therein?

The quoted provisions of the George M. Misenheimer will are to the effect that the devise is to his wife, Sarah, and to his daughter, the *feme* plaintiff, then unmarried, for life; provided, if Rosanna, the *feme* plaintiff, "has no heirs," the land in that event shall go to his son, C. W. Misenheimer, for life, and upon his death to his heirs.

Notwithstanding the devise to the *feme* plaintiff in express terms is for her lifetime, the appellants' position is that the word "heirs" is used in its technical sense; that the testator devised the land to the *feme* plaintiff for life, then (by implication) to her "heirs"; and that this vested the fee simple title in the *feme* plaintiff under the rule in *Shelley's case.* But the only authority cited by appellants, *Hampton v. Griggs,* 184 N.C.

13, 113 S.E. 501, speaks against their position. In the course of a restatement of the prerequisites for the application of the rule in *Shelley's case, Stacy, J.* (later *C. J.*), says: "The words 'heirs' or 'heirs of the body' must be used in their technical sense as importing a class of persons to take indefinitely in succession, from generation to generation, in the course marked out by the canons of descent." Later in the opinion, he continued: "The first question, then, to be decided is whether the words 'heirs' or 'heirs of the body' are used in their technical sense; and this is a preliminary question to be determined, in the first instance, under the ordinary principles of construction without regard to the rule in *Shelley's case.* Not until this has been ascertained by first viewing the instrument from its four corners (*Triplett v. Williams,* 149 N.C. 394), and determining whether the heirs take as descendants or purchasers, can it be known in a given case whether the facts presented call for an application of the rule."

In *Hampton v. Griggs, supra,* the devise was: "I give unto the lawful heirs of my son Nathaniel Pierce Hampton all of the lands . . ., and if my son should die without a bodily heir, then my property to go back into the Hampton family." The Court held that the words "lawful heirs of my son" were not used in their technical sense, but in the sense of children or issue, and that the son took only a life estate.

In *Puckett v. Morgan,* 158 N.C. 344, 74 S.E. 15, the devise was: "I leave Martha Morgan . . . the Rachel tract . . . during her life, then to her bodily heirs, if any; but if she have none, back to her brothers and sisters." The Court construed "bodily heirs" to mean children or issue living at her death, the devise therefore being outside the operation of the rule in *Shelley's case.*

In *Tynch v. Briggs,* 230 N.C. 603, 54 S.E. 2d 918, the pertinent part of the devise was worded as follows: "I give and bequeath . . . to my son James for the period of his natural life *in remainder* (*sic*) to his lawful heirs and in the event the said James should die without lawful heirs then in remainder to my daughter Sallie Ann," etc. As *Seawell, J.,* pointedly observed: "James could not die without heirs (in the general sense) as long as Sallie Ann, his sister, lived." It was held that the rule in *Shelley's case* did not apply, the words "lawful heirs" meaning children or issue. In support of this holding, *Justice Seawell* cites *Hampton v. Griggs, supra; Puckett v. Morgan, supra; Francks v. Whitaker,* 116 N.C. 518, 21 S.E. 175; *Rollins v. Keel,* 115 N.C. 68, 20 S.E. 209; *Bird v. Gilliam,* 121 N.C. 326, 28 S.E. 489; *Williamson v. Cox,* 218 N.C. 177, 10 S.E. 2d 662.

The *feme* plaintiff did not marry until after the death of her father and the probate of his will. Whether she would marry and have children could not be foreseen. Provision was made for her during her lifetime.

When the testator, after devising a life estate to the *feme* plaintiff, added, "provided Rosanna has no heirs," the land was to go to his son, C. W. Misenheimer, for life, etc., the word "heirs" referred plainly to children or issue of the *feme* plaintiff. To borrow the phraseology of *Justice Seawell,* quoted above, Rosanna could not die without heirs in a general sense as long as C. W. Misenheimer, her brother, or any of his lineal descendants, lived.

Our decision is that the *feme* plaintiff acquired and now owns a life estate in the land and that the judgment of the trial court must be affirmed.

We refrain from further interpretation. None of the children or grandchildren of the *feme* plaintiff, and none of the children or grandchildren of C. W. Misenheimer, is a party to the case agreed; and there is no representation of persons yet unborn who might acquire an interest in the property upon the death of the *feme* plaintiff. It is elementary that a judgment is binding only on parties and those in privity. McIntosh, N.C.P.&P., p. 180, sec. 202. Indeed, had we considered the appellants' position tenable, it would have been appropriate to have deferred decision until all interested parties were before the Court. For, unless all parties necessary to a final determination of the ownership of the land are before the Court, it would seem that no judgment should be entered against a defendant in a case presented in the manner adopted here.

Affirmed.