GRACE TAYLOR McRORIE AND HUSBAND, HOWARD S. McRORIE, AND ELIZABETH TAYLOR BURGESS, WIDOW, v. BILLY RAY CRESWELL, (WIDOWER).

(Filed 1 May 1968.)

**1. Pleadings § 30—**

Judgment on the pleadings is proper when the pleadings raise no issue of fact on any material proposition, but raise only questions of law for the court.

**2. Wills § 32—**

The Rule in *Shelley's* case applies where the words "heirs" or "heirs of the body" are used in their technical sense and are not *descriptio personarum* denoting children, issue, a particular class, or individual persons.

**3. Wills § 33—**

The doctrine of devise or bequest by implication applies in this State.

**4. Same—**

When property is limited to a devisee for life, with remainder to another if the devisee dies without issue, surviving issue of the devisee take, unless a contrary intent of the devisor is found from additional language or circumstances.

**5. Wills § 27—**

   When necessary to accomplish the testator's intent as ascertained from the context of a will, the court may disregard improper use of capital letters, punctuation, misspelling and grammatical inaccuracies, especially where the will is written by an unlearned person.

**6. Wills § 33—**

   A devise to testator's daughter for life, followed by a provision that if the daughter "has no heirs" the land should go to the testator's son for life and upon his death to his heirs, *is held* to convey only a life estate to the daughter, the Rule in *Shelley's* case being inapplicable since it is apparent that the word "heirs" was used to mean children or issue of the daughter, and at the death of the daughter her two children took the remainder in fee by clear implication.

   Huskins, J., took no part in the consideration or decision of this case.

   Appeal by defendant from *Copeland, S.J.*, June 1967 Session of Cabarrus, docketed and argued at the Fall Term 1967 as Case No. 607.

   Plaintiffs instituted this action to determine the title to a .60-acre tract of land in Cabarrus County known as the southern half of lot No. 1 of the George M. Misenheimer estate. This property is described by metes and bounds in paragraph 2 of the complaint. The allegations of the complaint, which are admitted by the answer plus additional averments in defendant's further answer, establish these facts:

   Plaintiffs Grace Taylor McRorie and Elizabeth Taylor Burgess are the only children and heirs of Rosanna Misenheimer Taylor, who died intestate in Cabarrus County on 26 December 1965. Rosanna Misenheimer Taylor was the daughter of George M. Misenheimer, deceased, whose holographic will was probated in Cabarrus County in January 1907. Pertinent portions of the will, which devised the property in suit, are these:

   "I want enough of land sold to pay my debts.

   "I bequeath and give the balance of my land and other property, except my mill property, to my beloved wife, Sarah, and & daughter Rosanna Misenheimer — their lifetime. Provided Rosanna has no heirs, Then it shall go to C. W. Misenheimer my son, his life time and then to go to his heirs at his death.

   "My interest in the mill property with what he owes me goes to C. W. Misenheimer."

   On 29 January 1936, Rosanna Misenheimer Taylor and husband, George Taylor, by a deed which contained no covenants of warranty, conveyed her interest in the property in suit to Harry A. Martin. On 28 March 1936, Harry A. Martin and wife quitclaimed the property

to Oza Mae Creswell. From that date until her death in 1951 Mrs. Creswell exercised exclusive dominion over the land. Defendant Billy Ray Creswell, her son and heir, claims the property by inheritance from her. He went into possession of the land at her death and adds his possession to hers.

When the case came on for trial, plaintiffs moved for judgment on the pleadings. The court, being of the opinion that all material facts were established by the pleadings and that the controversy involved only a question of law, entered judgment "that the superior title and right to possession" of the property described in the complaint, as against defendant, ought to be, and the same is hereby decreed to plaintiffs, Grace Taylor McRorie and Elizabeth Taylor Burgess. Defendant excepted to the judgment and appealed.

*Kenneth B. Cruse for plaintiff appellees.*

*Williams, Willeford & Boger and Robert H. Irvin for defendant appellant.*

SHARP, J.   The controversy between the parties to this action involves the interpretation of the will of George M. Misenheimer (testator). The pleadings raise no issue of fact on any material proposition. Thus, the rights of the parties must be determined as a matter of law on the undisputed facts contained therein. *Phillips v. Gilbert,* 248 N.C. 183, 102 S.E. 2d 771. It follows, therefore, that the trial court was empowered to render its judgment upon the pleadings. 3 Strong, N. C. Index, Pleadings § 30 (1960).

The trial court based its decision upon the following rationale: Testator devised to Rosanna Misenheimer (Taylor) a life estate in the land in suit and, by implication, he devised the remainder in fee to her children, the plaintiffs. Rosanna's deed to Martin, therefore, conveyed to him only her life estate in the property. Consequently, his quitclaim deed to Mrs. Creswell gave her only an estate *per autre vie,* and it was this estate which her son, defendant, inherited. Upon the death of Rosanna on 25 December 1965, plaintiffs' estate vested and defendant's terminated.

Defendant's contention is that under the Rule in *Shelley's* Case Rosanna acquired a fee defeasible upon her death without children. This same contention was made and held to be feckless in *Taylor v. Honeycutt,* 240 N.C. 105, 81 S.E. 2d 203. In that case, a controversy without action, Rosanna Misenheimer (Taylor), the mother of plaintiffs herein, and her husband sought to secure specific performance of their contract to convey to the defendant Honeycutt a fee simple title to the lands in suit here. Honeycutt declined to accept the plain-

tiff's tendered deed upon the ground that the title offered was only a life estate. Rosanna contended: (1) that testator devised the land to her for life with remainder (by implication) to her heirs; (2) that the word "heirs" was used in its technical sense; and (3) that this language vested the fee simple title in her under the Rule in *Shelley's* Case.

One of the prerequisites for the application of the Rule in *Shelley's* Case is that the words "heirs" and "heirs of the body" be used in their technical sense and not *descriptio personarum* denoting children, issue, a particular class, or individual persons. *Tynch v. Briggs,* 230 N.C. 603, 54 S.E. 2d 918; *Hampton v. Griggs,* 184 N.C. 13, 113 S.E. 501; 4 Strong, N. C. Index, Wills § 32 (1961). In *Taylor v. Honeycutt, supra,* the trial court rejected Rosanna's contention that the Rule in *Shelley's* Case operated to give her a fee. It ruled that by his use of the word "heirs" in the phrase "Provided Rosanna has no heirs," testator meant issue. In affirming the judgment for the defendant, this Court said: "When the testator, after devising a life estate to the *feme* plaintiff, added, 'provided Rosanna has no heirs,' the land was to go to his son, C. W. Misenheimer, for life, etc., the word 'heirs' referred plainly to children or issue of the *feme* plaintiff. . . . Rosanna could not die without heirs in a general sense as long as C. W. Misenheimer, her brother, or any of his lineal descendants, lived.

"Our decision is that the *feme* plaintiff (Rosanna) acquired and now owns a life estate in the land and that the judgment of the trial court must be affirmed." *Id.* at 109, 81 S.E. 2d at 206.

The Court pointedly refrained from further interpretation of the will because none of Rosanna's children (plaintiffs herein) or grandchildren and none of the children or grandchildren of C. W. Misenheimer, were parties to the case agreed, nor was there any representation of unborns who might have acquired an interest in the property upon the death of Rosanna. The judgment and decision in that case is binding only on the parties and those in privity. Notwithstanding the difference in parties, the well established legal principles which dictated the decision in *Taylor v. Honeycutt, supra,* control here. Rosanna's interest in the property was clearly a life estate, and when she died her two children (plaintiffs) took the remainder in fee by clear implication.

"[T]he doctrine of devise or bequest by implication is well established in our law." *Finch v. Honeycutt,* 246 N.C. 91, 98, 97 S.E. 2d 478, 484. The rule with us is succinctly stated in 3 Restatement of Property § 272 (1940) as follows: "When property is limited by an otherwise effective conveyance 'to B for life, and if B dies without

issue, then to C' or by other words of similar import, then, unless a contrary intent of the conveyor is found from additional language or circumstances, an inference is required that the conveyor has limited an interest in favor of the issue of B, in the event that B dies survived by issue." *Accord,* 1 Mordecai, Law Lectures pp. 494-495 .(1916); 28 Am. Jur. 2d *Estates* § 202 (1966). See Annot., "Gift to issue, children, wife, etc., as implied from a provision over in default of such persons," 22 A.L.R. 2d 177 (1952).

In *Hauser v. Craft,* 134 N.C. 319, 46 S.E. 756, the testator devised and bequeathed certain personal property to his granddaughter, Katherine, "to be hers during her natural life only; and should the said Katherine Scott die without leaving any child or children, then the property which I have given to her to be divided among the rest of my heirs." The surviving children of Katherine claimed that they took the remainder in fee upon her death. The defendants claimed that Katherine took a fee defeasible upon her death without children. They asserted that, since children survived her, she had an absolute fee and (as here) claimed title by *mesne* conveyances from her. The Court, reasoning as follows, held that Katherine's children, by implication, took the remainder at her death:

 ·   "It will be observed that Katherine had only a life estate, and therefore at her death all of her interest ceased and determined. The heirs of the testator could not take unless she died without children, because it expressly provided by the will that they should take only upon the contingency of her dying without leaving children, and the fact that she died leaving children completely divested the testator's heirs of all right or title in the land. . . . If the estate .of Katherine expired at her death, and the heirs cannot take because she left children, who, then, can take unless it be the children? . . . The implication is not only necessary, but irresistible, that in the situation of the parties, as now presented to us, and giving to the will of the testator a natural and reasonable construction, it was intended by him that the plaintiffs should be the objects of his bounty and should take the property in remainder after the death of their mother." *Id.* at 327-328, 46 S.E. at 759-60. *Cf. Whitfield v. Garris,* 134 N.C. 24, 45 S.E. 904.

To the same effect is *West v. Murphy,* 197 N.C. 488, 149 S.E. 731, where the testator devised land to his granddaughter, Bertie Hill, "so long as she should live, and if no children, then to her brother, Frank Hill." Bertie Hill died leaving her surviving a child. This Court held that the child took a remainder in the land by implication upon the termination of his mother's estate.

An examination of testator's holographic will leaves it uncertain

whether he placed a comma or a period after the phrase "Provided Rosanna has no heirs". Defendant's contention that "a period would seem to be the proper punctuation mark," and that the phrase should be disregarded as surplusage is untenable.

"That a will is couched in ungrammatical language and is incorrectly punctuated are facts of little importance in construing it. . . . Commas may be inserted for periods, or *vice versa*, in order to accomplish the paramount object, which is the ascertainment of the testator's will or meaning." *Hauser v. Craft, supra* at 323-24, 46 S.E. at 758. As Parker, J. (now C.J.), said in *Clayton v. Burch,* 239 N.C. 386, 389, 80 S.E. 2d 29, 31. "When necessary to accomplish the testator's intent as ascertained from the context of the will, the court may disregard improper use of capital letters, punctuation, misspelling and grammatical inaccuracies, especially where the will is written by an unlearned person."

We have noted that the pleadings in this case do not disclose whether Sarah Misenheimer, the wife of testator, is still alive. Although it was stipulated in *Taylor v. Honeycutt, supra* at 107, 81 S.E. 2d at 204, that she died prior to 1954, we cannot consider that fact as admitted in this case. Her existence, however, is immaterial to decision here. The judgment entered in the court below adjudicated plaintiffs' rights only as against defendant.

The judgment of the trial court is
Affirmed.

HUSKINS, J., took no part in the consideration or decision of this case.