JAMES H. PUGH v. FRANK ALLEN.

(Filed 10 March, 1920.)

1. **Deeds and Conveyances—Interpretation—Intent—Exception—Rule in Shelley's Case.**

   A deed to lands must be construed to effectuate the intention of the parties as expressed in the entire instrument, except when modified by some arbitrary principle of law, like the rule in *Shelley's* case, which, perhaps, is the only exception now prevailing.

2. **Same—"Heirs"—Children—Defeasible Fee—Title.**

   A limitation of lands over on the death of the grantee or first taker without heir or heirs, and the second or ultimate taker is presumably or potentially one of the heirs general of the first, the term "dying without heir or heirs" on the part of the grantee, will be construed to mean, not his heirs general, but in the sense of children and grandchildren, etc., living at his death; and a gift to donor's son J., expressed upon consideration that in case he should die without an heir the gift shall revert to the sole use and benefit of donor's son T., "his heirs and assigns," upon the death of J. without issue, the estate would go to the heirs of T., since deceased, of the blood of the first purchaser, who would take under the deed.

3. **Same—Repugnant Clauses.**

   An estate granted to J. defeasible in effect upon condition that at his death without issue, it would go over to the heirs of his brother T., both being the sons of the donor or grantor, is not repugnant to a latter expression of the writing granting the lands to J. "his heirs and assigns" in fee, in the sense that one is destructive of the other, for the limitation will be held as a qualification of the granting clause, showing the intent of the grantor was not to convey a fee simple absolute, but a defeasible fee in the lands to J.

CONTROVERSY without action, heard before *Kerr, J.,* at February Term, 1920, of SAMPSON.

From the facts submitted, it appears that plaintiff has contracted to sell and convey to defendant a tract of land in said county, and defendant

has refused compliance, alleging that plaintiff cannot make a good title; that the land belonged to Francis Pugh, who conveyed same to plaintiff, one of his sons; that Francis Pugh died, leaving four children, James H., Thomas K., Mary M., and Carrie M. Pugh. Mary M. Pugh intermarried with A. J. Fordham, and she and her husband are both dead without children; that Carrie M. intermarried with J. F. Wooten, and is now a widow with two living children; that Thomas K. has died without children, and without having married; that James H., the grantor in the deed, is a very old man and has never married. The court, being of opinion that, under the deed from his father and the attendant facts, plaintiff only had a defeasible fee in the land, entered judgment for defendant, and plaintiff excepted and appealed.

*Kerr & Herring for plaintiff.*
*Butler & Herring for defendant.*

HOKE, J. The validity of the title offered depends upon the proper interpretation of the deed from Francis Pugh to his son, James H., the plaintiff, in terms as follows, omitting irrelevant matter:

"That the said Francis Pugh, for and in consideration of the natural love and affection which he has unto the said James H. Pugh, and for the further consideration of the sum of one dollar to me in hand paid, the receipt whereof is hereby acknowledge, and for the further consideration that the said James H. Pugh does, at or before the signing and delivery of these presents, release unto my son Thomas K. Pugh all of his interest in the place whereon I now reside, given by Wm. Kirby, deceased, in his last will and testament to my wife, Mary Ann Pugh, and to the heirs of her body, and for the further consideration that in case it shall become necessary I reserve the right to draw from said lands such portion of the crops as I, the said Francis Pugh, shall deem sufficient for my sustenance. And for the further consideration that in case the said James H. Pugh should die without an heir the following gift shall revert to the sole use and benefit of my son, Thomas K. Pugh, his heirs and assigns. I, the said Francis Pugh, have given, granted, aliened, released, and confirmed, and by these presents do give, grant, alien, release, and confirm unto the said James H. Pugh, his heirs and assigns, all of that tract or parcel of land situated on the west side of the Six Runs, known as the Needham Stevens place, and bounded as follows:

"Together with all the privileges and all things appurtenant thereto, and all the estate, rights, title, interest, except the above named reservations, of him, the said Francis Pugh, in and thereto.

"To have and to hold the said messuage and all the appurtenances thereof (on the conditions prescribed) to him the said James H. Pugh, his heirs and assigns, to his and their proper use and behoof forever."

It is the recognized position in this State that, except when modified by some arbitrary principle of law like the rule in *Shelley's case,* this perhaps being the only exception now prevailing, a deed must be construed so as to effect the intention of the parties as expressed in the entire instrument. *Brown v. Brown,* 168 N. C., 4; *Gilbert v. Shingle Co.,* 167 N. C., 286; *Jones v. Whichard,* 163 N. C., 241; *Triplett v. Williams,* 149 N. C., 394.

Applying the principle, it has been held in several of our decisions construing deeds of similar import that, in case of a limitation over on the death of a grantee or first taker without heir or heirs, and the second or ultimate taker is presumptively or potentially one of the heirs general of the first, the term "dying without heir or heirs" on the part of the grantee will be construed to mean, not his heirs general, but his issue in the sense of children and grandchildren, etc., living at his death. *Sain v. Baker,* 128 N. C., 256; *Francks v. Whitaker,* 116 N. C., 518; *Rollins v. Keel,* 115 N. C., 68. In *Sain v. Baker, supra,* the testator devised the property to his son, and, on the son's death without heirs, to his daughters, the word heirs in this limitation was held to mean children, and the present *Chief Justice,* delivering the opinion, said: "From the context, it is clear that the words without lawful heir or heirs are used in the sense of dying without issue or children, otherwise the limitation over to the daughters would have been in vain." And in *Francks v. Whitaker,* a similar ruling was made as follows: "Where a testatrix devised land to her son for life and after his death to his lawful heir or heirs, if any, and, if none, to the children of another son, the words 'heir or heirs' will be construed to mean his issue and not his heirs generally, and upon his death without issue the land goes to the children of the other son, all of whom were living at the date of the will." This, then, being the correct interpretation of the present deed, on the death of the plaintiff and grantee, James H. Pugh, without issue, which now appears to be altogether probable, the estate would go over to the heirs of Thomas K. Pugh, deceased, of the blood of the first purchaser, and these would take and hold not under the proposed vendor, but as heirs of Thomas K. under the deed from Francis, the grantor, and, on the death of James H., without issue living at his death, his deed would be of none effect. *Sessoms v. Sessoms,* 144 N. C., 121; *Smith v. Lumber Co.,* 155 N. C., 389.

We are not inadvertent to the position argued for plaintiff that the limitation over is void as being repugnant to the portion of the deed carrying to plaintiff an estate in fee, but putting aside this fact that the

limitation is stated as a part of the consideration of the deed and expressed in the form of a condition, the two clauses are not repugnant in the sense that one is destructive of the other, but, under the rule of interpretation heretofore stated, the limitation should be properly held as a qualification of the granting clause, and showing that the intent of the grantor is not to convey a fee simple absolute, but a fee defeasible, as his Honor ruled. *Jones v. Whichard, supra.*

We find no error in the record, and the judgment of the Superior Court is affirmed.

No error.