SWINDELL CLARK ET AL. v. W. W. CLARK ET AL.

(Filed 28 September, 1927.)

**Wills—Devise—Heirs—Issue — Estates — Remainders — "Purchaser"— Tenants in Common.**

> A devise of testator's land to one who had been raised as a member of his family, with direction that should he die without heirs then the lands so devised "shall go back to my beloved wife or her nearest heirs at law: *Held*, upon the death of the devisee unmarried and without issue, leaving a brother and sister, and the death of the wife leaving heirs at law, the word heirs used in the devise to the son means "issue" or children, and the estate so devised went under the will of the testator to the heirs at law of the wife by purchase as tenants in common.

THIS was a special proceeding for the partition of land and heard on appeal by *Moore, Special Judge,* at May Term, 1927, of BERTIE.

Plaintiffs are the half brother of Amelia G. Williams and half sisters and descendants of a half sister, and the appealing defendants, W. W. Clark and H. B. Clark, are the whole brothers of said Amelia G. Williams.

Joseph G. Williams, the husband of Amelia G. Williams, died in 1906, leaving a last will and testament. The third and fifth items of said will are as follows: (Third) "I give and bequeath to Cleveland Williams or the young man that I raised from early childhood thirty-eight acres of land lying on the new road above mentioned, beginning at a corner, Simmon Cherry's line, and running thence along said road to the Lewiston and Windsor road, and thence along the said road towards Lewiston far enough to include the 38 acres, and running thence a straight line parallel with the new road to the back line adjoining Simmon Cherry's line; thence along Cherry's line to the beginning." (Fifth) "I further order and ordain that if . . . Cleveland Williams . . . should die without heirs that all of the real estate bequeathed to them by this my last will and testament, shall go back to my beloved wife or her nearest heirs at law."

Cleveland Williams died intestate in November, 1924, without "ever having married, and left no issue." Amelia G. Williams, the wife of testator, is also dead. At the time of his death Cleveland Williams left brothers and sisters.

The court adjudged that the heirs at law of Amelia G. Williams were the sole owners of the property in controversy. From this judgment the defendants, H. B. Clark and W. W. Clark, appealed.

*H. G. Harrington and Winston, Matthews & Kenney for plaintiffs.*
*Craig & Pritchett for defendants.*

BROGDEN, J.  Where real estate is devised to "nearest heirs at law" of a person leaving brothers and sisters of whole blood and half blood, do such brothers and sisters take equally, or do the brothers and sisters of the whole blood take the entire interest to the exclusion of the half blood?

Under the fifth item of the will of Joseph G. Williams it was provided that, if Cleveland Williams "should die without heirs," all the real estate bequeathed to him "shall go back to my beloved wife *or her nearest heirs at law.*"  Amelia G. Williams, wife of testator, died, leaving a half brother, two half sisters, and the children of a deceased half sister, and also leaving two brothers.  The brothers of the whole blood claim that they are the "nearest heirs at law" of Amelia G. Williams, and that therefore they take the entire property.

The expression in the fifth item of the will that if Cleveland Williams "should die without heirs" means that in the event Cleveland Williams should die without issue, the land devised to him should go to the "nearest heirs at law" of Amelia G. Williams.  *Massengill v. Abell,* 192 N. C., 240.

Under the decisions of this Court the "nearest heirs at law" of Amelia G. Williams, under the will as written, take as purchasers under the will of Joseph G. Williams and not by descent.  *Kirkman v. Smith,* 174 N. C., 603; *Yelverton v. Yelverton,* 192 N. C., 614.

As the "nearest heirs at law" of Amelia G. Williams take by purchase and not by descent, then it follows that her brothers and sisters of the half and whole blood take equally as tenants in common, and the judgment of the trial judge is correct.

Affirmed.