F. R. DOGGETT v. ROSA LEE DOGGETT VAUGHAN.

(Filed 17 September, 1930.)

1. **Wills E c—In order for rule in Shelley's case to apply the devisee must take in character as well as in quality of heir.**

In order for the rule in *Shelley's case* to apply, those who are to take an estate under a devise must do so in the character and in the quality of heir in accordance with the canons of descent, and where, taking a part of a clause of a will, the rule would be applicable, it will not prevail when construing the entire clause the evident intent of the testator appears to the contrary.

2. **Wills E b—Under the devise in this case the devisee took a life estate only with remainder to her children.**

Construing a devise of lands to the testator's three daughters by name for life and at their death to the heirs of their bodies in fee simple forever, the land to be divided equally between them after the testator's death, with further provision that if either daughter die without a living heir of her body her share should be divided between all of the testator's children then living, or having living issue: *Held,* the controlling intent of the

testator was not to give his daughters a fee-simple estate in the lands devised, but a life estate only, and at the death of a daughter leaving two surviving children, such children take a fee simple in their mother's share as tenants in common, and the rule in *Shelley's case* does not apply.

APPEAL by plaintiff from *Devin, J.*, at June Term, 1930, of VANCE.

Petition for partition. Plea of sole seizin. Judgment on the pleadings. Plaintiff appeals.

*Pittman, Bridgers & Hicks for plaintiff.*
*A. A. Bunn for defendant.*

STACY, C. J. The case presents for construction the following clause in the will of James T. Floyd:

"I give and bequeath to my three daughters, Ella, May and Florence during their natural lives, all the rest of the land I may die possessed of, and after their death, I desire that the shares of each one shall go to the heirs of her body in fee simple forever, and I desire that after my death my three daughters divide this land between themselves equally—and if either of my daughters should die without a living heir of her body, it is my will that her share of the land shall be equally divided between all of my children that may be living, or have living issue."

The testator left sons, as well as daughters, him surviving, but only the share of one of the daughters, Florence Floyd Doggett, who was allotted fifty-nine acres of land under and by virtue of the above clause in her father's will, is involved in the present proceeding. Plaintiff and defendant are the sole surviving children of Florence Floyd Doggett, and it is conceded that if said devise give to each of the three daughters, mentioned therein, a life estate only in the share allotted to her, with remainder in fee to her children, then plaintiff and defendant are tenants in common of the *locus in quo.* But if the devise in question operate to give to each of the first takers an estate in fee, then the defendant's plea of sole seizin is good, the entire tract allotted to her mother having been devised to her.

The controversy, therefore, turns on whether the limitations in the above clause of the will of James T. Floyd are so framed as to attract the rule in *Shelley's case,* which says, in substance, "that if an estate in freehold be limited to A., with remainder to his heirs, general or special, the remainder, although importing an independent gift to the heirs, as original takers, shall confer the inheritance on A., the ancestor." *Martin v. Knowles,* 195 N. C., 427, 142 S. E., 313.

The devise is to the testator's three daughters for and during the term of their natural lives and after the death of any one of the daughters, it is provided that her share "shall go to the heirs of her

body in fee simple forever." Had the will stopped here, a typical case for the operation of the rule would have been presented, for, as said by *Black, J.,* in *Steacy v. Rice,* 27 Pa. St., 95, 65 Am. Dec., 447, "the law will not treat that as an estate for life which is essentially an estate of inheritance, nor permit any one to take in the character of heir unless he takes also in the quality of heir." *Hartman v. Flynn,* 189 N. C., 452, 127 S. E., 517; *Bank v. Dortch,* 186 N. C., 510, 120 S. E., 60. In other words, as an *heir* is one upon whom the *law* casts an estate at the death of the ancestor (II Blackstone, ch. 14), and as it is necessary to consult the law to find out who the heir of the ancestor is, the law, speaking through the rule in *Shelley's case,* in substance, says: "He who would thus take in the character of heir must take also in the quality of heir; that is, *as heir* by descent under the law and not by purchase under the instrument." *Yelverton v. Yelverton,* 192 N. C., 614, 135 S. E., 632.

But immediately the testator added: "I desire that after my death my three daughters divide this land between themselves equally—and if either of my daughters should die without a living heir of her body, it is my will that her share of the land shall be equally divided between all of my children that may be living or have living issue." Construing this limitation in the light of the whole clause, it would seem that the testator did not intend to give his daughters fee-simple estates in the residuary property, but life estates only, and that he further intended for the children of each of his daughters to take the share of their mother at her death, and in the event of the death of any one of his daughters, without children, her share was to be divided equally among all the testator's children, sons as well as daughters. This interpreta- tion of the clause in question, which is fortified by a number of de- cisions, takes the case out of the operation of the rule in *Shelley's case,* and assigns it to that class of cases of which the following may be said to be fairly illustrative: *Rollins v. Keel,* 115 N. C., 68, 20 S. E., 209; *Puckett v. Morgan,* 158 N. C., 344, 74 S. E., 15; *Jones v. Whichard,* 163 N. C., 241, 79 S. E., 503; *Pugh v. Allen,* 179 N. C., 307, 102 S. E., 394; *Blackledge v. Simmons,* 180 N. C., 535, 105 S. E., 202; *Wallace v. Wallace,* 181 N. C., 158, 106 S. E., 501; *Reid v. Neal,* 182 N. C., 192, 108 S. E., 769; *Hampton v. Griggs,* 184 N. C., 13, 113 S. E., 501; *Welch v. Gibson,* 193 N. C., 684, 138 S. E., 25.

The distinction between this line of cases, in which the rule has been held not to be applicable to the limitations appearing therein and the long line of decisions in which it has been held to be applicable and firmly established as the law of this jurisdiction, was first pointed out in *Pugh v. Allen, supra,* and repeated in *Hampton v. Griggs, supra,* and *Welch v. Gibson, supra,* substantially as follows: When there is an

ulterior limitation which provides that upon the happening of a given contingency, the estate is to be taken out of the first line of descent and then put back into the same line, in a restricted manner, by giving it to some, but not to all, of those who presumptively would have shared in the estate as being potentially among the heirs general of the first taker, this circumstance may be used as one of the guides in ascertaining the paramount intention of the testator, and, with other indicia, it has been held sufficient to show that the words "heirs" or "heirs of the body" were not used in their technical sense.

As the trial court held the rule to be applicable to the limitations in the instant case, the judgment will be vacated and the cause remanded for further proceedings, not inconsistent herewith.

Error and remanded.