REBECCA L. BROWN v. COURTNEY MITCHELL, TRUSTEE, ET AL.

(Filed 10 October, 1934.)

1. **Judicial Sales A b—In absence of agreement court has no authority to confirm sale by order entered out of the county.**

   A judgment confirming a sale of land by a commissioner appointed by the court which is entered out of the county under a misapprehension of the agreement of the parties is properly set aside upon motion in the cause made before another judge of the Superior Court, since a judge has no authority to hear a cause or make an order substantially affecting the rights of the parties outside the county in which the action is pending, unless authorized by statute or agreement of the parties.

2. **Wills E c—Rule in Shelley's case held not to apply to devise in this case.**

   A devise to W. "for the term of her natural life," remainder "to her legitimate children" should she die leaving lawful issue of her body her surviving, otherwise to her brother, T., with an ulterior limitation that in the event either W. or T. should die without lawful issue, then to the survivor for life, remainder to his or her heirs in fee simple forever, but if both should die leaving no lawful "issue of his or her body, him or her surviving," then to the devisee's "nearest blood kindred as regulated by the laws of descent," *is held* to create less than an indefeasible fee in W., the rule in *Shelley's case* not applying, since the expressions in the will indicate that the word "heirs" in the ulterior clause was intended to be taken in the sense of issue or children, and not in its technical sense.

3. **Same—Rule for ascertaining whether word "heirs" is used in its technical sense.**

   Where the limitation over to the heirs of the first taker is restricted to some but not all of his heirs general, it is a circumstance indicating the testator's intention, and with other indicia, may be sufficient to show that the word "heirs" was not used in its technical sense.

4. **Appeal and Error C d—**

   Portions of a judgment not challenged by exception or appeal will be deemed correct.

APPEAL by plaintiff and defendants from *Frizzelle, J.,* at February Term, 1934, of LENOIR.

Civil action for the appointment of a receiver to operate farm during crop seasons and to foreclose deed of trust.

By consent of all the parties, judgment was entered 7 December, 1931, making the temporary receivership permanent, and the plaintiff was given the right, upon relinquishing claim to deficiency judgment, at any time, upon motion, to have the lands sold by commissioner, under oath of court, to satisfy the mortgage indebtedness of $15,000.

Thereafter, a commissioner was duly appointed and the property offered for sale in November, 1933, when the plaintiff became the pur-

chaser at a bid of $17,000. It is alleged that the property is worth considerably more than this sum.

The sale was not confirmed at the next succeeding December Term, 1933, it appearing that application had been made to the Federal Land Bank of Columbia to secure a loan with which to redeem said property, and that the same was then pending approval.

The loan was refused by the Land Bank because it was not thought that Laura E. McDaniels was seized in fee of said lands. Whereupon judgment was signed by Hon. Henry A. Grady at Chambers in Clinton on 6 January, 1934, confirming the sale of the commissioner and directing that conveyance be made to the purchaser.

This order of confirmation was set aside at the February Term, 1934, Hon. Paul Frizzelle, judge presiding, it appearing that the same had been entered upon a misapprehension as to what was embraced in the consent agreement of the parties. Plaintiff excepted to this order of vacation, and appeals, assigning the same as error.

Upon the hearing it was made to appear that Laura E. McDaniels (nee Laura E. Waters) acquired the *locus in quo* under the will of her father, James Waters, "for the term of her natural life," remainder "to her legitimate children" should she die leaving lawful issue of her body her surviving; otherwise, to go to her brother, Thomas F. Waters, and then the following ulterior limitation:

"In the event of either of my above-named children dying without leaving lawful issue of his or her body, all the lands hereinbefore mentioned shall go to his or her survivor for life, remainder to his or her heirs in fee simple forever; but if the said Thomas Waters and Laura E. Waters shall both die leaving no lawful issue of his or her body him or her surviving, then and in that event all of said lands shall go to my nearest blood kindred, as regulated by the laws of descent in North Carolina."

It was further made to appear that Thomas F. Waters died in 1875 without issue; that Laura E. McDaniels is now a widow with two grown sons and a minor daughter.

It was also made to appear that all persons *in esse,* and all other persons unknown or not in being, having any interest in said property, had been duly made parties defendant herein.

Whereupon, it was decreed (1) that Laura E. McDaniels holds only a base or qualified fee in said lands, but (2) that under C. S., 1724, the terms of which have been complied with in this proceeding, a good and sufficient deed in trust conveying the fee can be executed to the Federal Land Bank of Columbia to secure the loan sought by the defendants.

The defendants except and appeal from the holding that Laura E. McDaniels is seized of only a base or qualified fee in said premises.

*Sutton & Greene for plaintiff.*
*Rouse & Rouse for defendants, other than Mitchell, Trustee.*

STACY, C. J. With respect to plaintiff's appeal, it is sufficient to say that as the judgment of confirmation was entered out of the county and under a misapprehension of the agreement of the parties, it was properly vacated on motion. *Bisanar v. Suttlemyre,* 193 N. C., 711, 138 S. E., 1.

Unless authorized by statute, or by consent of the parties, a judge of the Superior Court has no authority to hear a cause, or to make an order substantially affecting the rights of the parties, outside of the county in which the action is pending. *Gaster v. Thomas,* 188 N. C., 346, 124 S. E., 609; *Cahoon v. Brinkley,* 176 N. C., 5, 96 S. E., 650.

It is likewise sufficient to say in regard to defendants' appeal, the holding that Laura E. McDaniels is seized of less than an indefeasible fee in said lands accords with the decisions on the subject. *Nobles v. Nobles,* 177 N. C., 243, 98 S. E., 715. The limitations in the will are not so framed as to attract the rule in *Shelley's case,* which obtains in this jurisdiction not only as a rule of law but also as a rule of property. *Whitehurst v. Bowers,* 205 N. C., 541, 172 S. E., 180; *Martin v. Knowles,* 195 N. C., 427, 142 S. E., 313; *Welch v. Gibson,* 193 N. C., 684, 138 S. E., 25. "Nearest blood kindred" excludes the idea of representation or affinity, *Fields v. Rollins,* 186 N. C., 221, 119 S. E., 207; and, "as regulated by the laws of descent," has reference to the nearest blood kindred of the testator, who would potentially be a part at least of the next of kin of the first taker. *Wallace v. Wallace,* 181 N. C., 158, 106 S. E., 501. These expressions, taken in connection with the original limitation of the remainder "to her legitimate children," would seem to indicate that the use of the word "heirs" in the ulterior clause was intended to be taken in the sense of issue or children. The case, therefore, is controlled by the decisions in *Puckett v. Morgan,* 158 N. C., 344, 74 S. E., 15; *Jones v. Whichard,* 163 N. C., 241, 79 S. E., 503; *Pugh v. Allen,* 179 N. C., 307, 102 S. E., 394; *Blackledge v. Simmons,* 180 N. C., 535, 105 S. E., 202; *Hampton v. Griggs,* 184 N. C., 13, 113 S. E., 501; *Reid v. Neal,* 182 N. C., 192, 108 S. E., 769; *Doggett v. Vaughan,* 199 N. C., 424, 154 S. E., 660.

The distinction between this line of cases, in which the rule has been held not to be applicable to the limitations appearing therein, and the long line of decisions in which it has been held to be applicable and firmly established as the law of this jurisdiction, was first pointed out in *Pugh v. Allen, supra,* and repeated in *Hampton v. Griggs, supra, Welch v. Gibson, supra, Doggett v. Vaughan, supra,* substantially as follows: When there is an ulterior limitation which provides that upon the happening of a given contingency, the estate is to be taken out of

the first line of descent and then put back into the same line, in a restricted manner, by giving it to some, but not to all, of those who presumptively would have shared in the estate as being potentially among the heirs general of the first taker, this circumstance may be used as one of the guides in ascertaining the paramount intention of the testator, and, with other indicia, it has been held sufficient to show that the words "heirs" or "heirs of the body" were not used in their technical sense. See, also, and compare *Clark v. Clark,* 194 N. C., 288, 139 S. E., 437, *Yelverton v. Yelverton,* 192 N. C., 614, 135 S. E., 632.

The remaining portions of the judgment are not challenged by exception or appeal, hence they are deemed to be correct.

On plaintiff's appeal

Affirmed.

On defendants' appeal

Affirmed.