## W. C. EDWARDS ET AL. v. T. B. FAULKNER.

(Filed 10 May, 1939.)

**1. Wills § 33b—**

The rule in *Shelley's case* obtains in this jurisdiction not only as a rule of law but also as a rule of property.

**2. Same—**

Where the limitation over after a life estate is to the general heirs of the first taker the rule in *Shelley's case* applies, but where the limitation over designates specific heirs who are to take without including all those within that class, the rule does not apply.

**3. Same—Rule in Shelley's case held inapplicable to devise in this will.**

The will in question devised the *locus in quo* to plaintiff "for his lifetime, and to his heirs if he dies without heirs, my property goes to" testatrix' brother and after his death to my "nephews children" H. T. and R. L. *Held:* It appearing that testatrix left her surviving heirs other than those named in the limitation over of the fee, the rule in *Shelley's case* does not apply and the devise conveys only a life estate to the first taker.

APPEAL by plaintiffs from *Bone, J.,* at November Term, 1938, of NASH.

Civil action for specific performance.

The plaintiffs, being under contract to convey a certain tract of land to the defendant, duly executed and tendered deed, sufficient in form to convey valid, fee simple title thereto, with full covenants of warranty,

and demanded payment of the purchase price as agreed. The defendant declined to accept the deed and refused to make payment, contending that the title offered was defective. Whereupon the plaintiffs instituted this action for specific performance.

On the hearing, a jury trial was waived and the case was submitted to the court on facts agreed.

It is stipulated that if in the opinion of the court, under the facts submitted, the plaintiffs are able to convey "a good and indefeasible, fee simple, merchantable title" to the *locus in quo,* judgment shall be entered for the plaintiffs; otherwise, for the defendant.

The court being of opinion that the plaintiffs were not vested with a good and indefeasible, fee simple, merchantable title to the land described in the contract, entered judgment for the defendant, from which the plaintiffs appeal, asssigning error.

*Ben H. Neville for plaintiffs, appellants.*
*L. L. Davenport for defendant, appellee.*

STACY, C. J. On the hearing, the title offered was properly made to depend upon the construction of the following clause in the will of Elizabeth Edwards:

"Second, I give and devise all my property, personal and real, to my nephew W. C. Edwards for his life time, and to his heirs if he dies without heirs, my property goes to my Bro. R. C. Edwards, and after his death to my nephews children H. T. Edwards, and R. L. Edwards."

The record discloses that W. C. Edwards and R. L. Edwards are sons of R. C. Edwards and nephews of the testatrix; that no person by the name of "H. T. Edwards" is known to the parties as in any way connected with the family; that W. C. Edwards has six living children and one living grandchild, and that R. C. Edwards died after the execution of his sister's will, leaving him surviving four children and four grandchildren.

The question for decision is whether W. C. Edwards takes a fee simple to the lands devised to him in the second item of his aunt's will. The answer depends upon whether the limitations in remainder are so framed as to attract the rule in *Shelley's case,* which obtains in this jurisdiction not only as a rule of law but also as a rule of property, *Brown v. Mitchell,* 207 N. C., 132, 176 S. E., 258, regardless of the particular intent of the testatrix. *Allen v. Hewitt,* 212 N. C., 367, 193 S. E., 275; *Bank v. Dortch,* 186 N. C., 510, 120 S. E., 60; *Hampton v. Griggs,* 184 N. C., 13, 113 S. E., 501. Indeed, the testatrix in the instant case doubtless never heard of the rule in *Shelley's case,* which says, in substance, "that if an estate in freehold be limited to A., with

remainder to his heirs, general or special, the remainder, although importing an independent gift to the heirs, as original takers, shall confer the inheritance on A., the ancestor." *Martin v. Knowles,* 195 N. C., 427, 142 S. E., 313.

The devise in question is to W. C. Edwards "for his life time," and then "to his heirs." Had the will stopped here, a typical case for the operation of the rule would have been presented, for, as said by *Black, J.,* in *Steacy v. Rice,* 27 Pa. St., 95, 65 Am. Dec., 447, "the law will not treat that as an estate for life which is essentially an estate of inheritance, nor permit anyone to take in the character of heir unless he take also in the quality of heir." *Rowland v. B. & L. Assn.,* 211 N. C., 456, 190 S. E., 719.

However, immediately thereafter the testatrix adds, "if he dies without heirs, my property goes to my Bro. R. C. Edwards and after his death to my nephews children H. T. Edwards and R. L. Edwards." The brother of the testatrix, R. C. Edwards, is the father of W. C. Edwards, and, therefore, potentially among the heirs general of the first taker. Hence, according to a number of decisions this would seem to take the case out of the operation of the rule in *Shelley's case,* and assign it to that class of cases of which the following may be said to be fairly illustrative: *Rollins v. Keel,* 115 N. C., 68, 20 S. E., 209; *Puckett v. Morgan,* 158 N. C., 344, 74 S. E., 15; *Jones v. Whichard,* 163 N. C., 241, 79 S. E., 503; *Pugh v. Allen,* 179 N. C., 307, 102 S. E., 394; *Blackledge v. Simmons,* 180 N. C., 535, 105 S. E., 202; *Wallace v. Wallace,* 181 N. C., 158, 106 S. E., 501; *Reid v. Neal,* 182 N. C., 192, 108 S. E., 769; *Hampton v. Griggs, supra; Welch v. Gibson,* 193 N. C., 684, 138 S. E., 25; *Doggett v. Vaughan,* 199 N. C., 424, 154 S. E., 660; *Brown v. Mitchell, supra; Gurganus v. Bullock,* 210 N. C., 670, 188 S. E., 85.

The distinction between this line of cases, in which it is held that the rule is not attracted by the limitations appearing therein, and the long line of decisions holding it to be applicable and firmly established as the law of this jurisdiction, was first pointed out in *Pugh v. Allen, supra,* and repeated in *Hampton v. Griggs, supra; Welch v. Gibson, supra; Doggett v. Vaughan, supra; Brown v. Mitchell, supra,* substantially as follows: Where there is an ulterior limitation which provides that upon the happening of a given contingency, the estate is to be taken out of the first line of descent and then put back into the same line, in a restricted manner, by giving it to some, but not to all, of those who presumptively would have shared in the estate as being potentially among the heirs general of the first taker, this circumstance may be used as one of the guides in ascertaining the paramount intention of the testator, and, with other *indicia,* it has been held sufficient to show that the words

"heirs" or "heirs of the body" were not used in their technical sense. See, also, and compare *Clark v. Clark,* 194 N. C., 288, 139 S. E., 437; *Yelverton v. Yelverton,* 192 N. C., 614, 135 S. E., 632.

This same line of demarcation was adumbrated by *Brown, J.,* in *Tyson v. Sinclair,* 138 N. C., 23, 50 S. E., 450, as follows: "The rule in *Shelley's case* applies and is in force in this State. *Starnes v. Hill,* 112 N. C., 1. It applies to devises as well as conveyances. *Chamblee v. Broughton,* 120 N. C., 175. It applies when the same persons will take the same estate, whether they take by descent or purchase; in which case they are made to take by descent; but when the persons taking by purchase would be different or have different estate than they would take by descent from the first taker, the rule does not apply, and the first taker is confined to an estate for life, and 'the heirs, heirs of the body,' etc., take as purchasers. *Ward v. Jones,* 40 N. C., 401."

By this test, the cases of *Benton v. Baucom,* 192 N. C., 630, 135 S. E., 629 (amplified in *Welch v. Gibson, supra*), and *Wool v. Fleetwood,* 136 N. C., 460, 48 S. E., 785, cited and relied upon by plaintiffs, are assigned to the "applicable" line of decisions; whereas, by the same token, the instant case is assigned to the "nonapplicable" line.

It all comes to this: If the limitation in remainder carry the estate to the heirs of W. C. Edwards, *as heirs,* the rule in *Shelley's case* applies and vests the fee in the first taker; otherwise, not. *Rowland v. B. & L. Assn., supra; Morehead v. Montague,* 200 N. C., 497, 157 S. E., 793; *Benton v. Baucom, supra.*

We agree with the court below that the rule in *Shelley's case* is not applicable and that the title offered is not "a good and indefeasible fee simple, merchantable title" as called for in the contract between the parties. The judgment denying specific performance will be upheld.

Affirmed.