J. R. THAMES AND O. W. CLARK v. GRACIE WILKINS GOODE.

(Filed 8 June, 1940.)

**1. Wills § 33c—Word "heir" held to mean issue, and devisee took fee defeasible upon death without issue.**

Testator had more than two children, and devised the land in question to two of them, with provision that if either should die without "an heir that his share of said property be the property of the surviving brother." *Held:* Each of the devisees took a one-half interest in fee as tenant in common, subject to be defeated upon death without issue, and a contingent remainder interest in his brother's share, it being apparent that the word "heir" in the devise was not used in its technical sense, but that the testator intended it to mean issue or lineal descendants.

**2. Wills § 46—Where person who is to take contingent remainder is certain, he may convey such interest.**

A devisee having a one-half interest in lands subject to be defeated upon his death without issue and a contingent remainder in the other one-half interest should his co-tenant die without issue, may convey his contingent as well as his present interest in the lands. The rule that the devisee of a contingent limitation over cannot convey his interest prior to the happening of the contingency because until that time who will take cannot be known, is not applicable when the person who is to take by way of contingent remainder is certain.

**3. Estoppel § 1—Warranty deed conveying present interest and contingent remainder held to estop grantor and those claiming under him.**

Testator devised the land in question to two of his sons with provision that upon the death of either without issue the other should take his interest. One of the devisees conveyed to the other by warranty deed "any and all of his interest present as well as prospective." *Held:* The deed estops the grantor and those claiming under him from asserting any title in the lands as against the grantee or those claiming under him.

**4. Same—Deed with covenant to defend the title against lawful claims of all persons claiming under grantor held to estop grantor's heirs.**

The land in question was devised to two of testator's sons with provision that if either should die without issue the other should take his interest. One of them conveyed his present and contingent interest to the other by warranty deed. The one who thus acquired the entire title to the land under the will and by the deed, conveyed to defendant all his right, title and interest in the land, one-half interest in fee simple and the other one-half interest subject to the will, and his deed to defendant warrantied title in fee subject to the terms of the will, and covenanted to defend the title to one-half interest against the claims of all persons, and to defend the title as to the other one-half interest against all persons claiming by, through or under him. The grantor in the deed to defendant later died without issue, and the surviving devisee then attempted to convey one-half interest to plaintiff. *Held:* Although the deed to defendant purported to convey the fee only in one-half interest and to convey the

other one-half interest subject to the will, which interest terminated upon the death of the grantor without a lineal descendant, the deed expressly covenanted to defend the title to the said one-half interest against the grantor and those claiming under him and therefore estops the heirs of the grantor, and since plaintiffs' grantor was estopped by his prior deed to defendant's grantor, and further had no interest in the land at the time of the conveyance to plaintiff, defendant is the owner of the fee simple title to the entire tract.

APPEAL by plaintiffs from *Harris, J.,* at April Term, 1940, of GRANVILLE. Affirmed.

Special proceedings before the clerk for the partition of land.

Plaintiffs filed their petition before the clerk for the partition of a certain tract of land in Granville County, alleging tenancy in common with the defendant. The defendant filed answer denying tenancy in common and pleading sole seizin. Thereupon, the cause was transferred to the civil issue docket as required by statute.

N. A. Pool died domiciled in Granville County seized of the land in controversy. By his last will and testament he devised said land to two of his sons, Stephen P. Pool and John A. Pool, in the following language: "I then will to my sons Stephen Pool and John A. Pool my dwelling house with the surrounding outhouses with one hundred acres of land attached thereto, to be laid off according to their, Stephen Pool and John A. Pool's wish, I then will that in case that either Stephen Pool or John A. Pool should die without an heir that his share of said property be the property of the surviving brother, either Stephen Pool or John A. Pool as the case may be." There is no controversy as to the identity of the property thus devised.

In December, 1906, John A. Pool (with the joinder of his wife), by warranty deed, granted and conveyed to Stephen P. Pool "any and all of his interest present as well as prospective, in and to the said land devised as aforesaid under the terms of the said last will and testament of the said N. A. Pool, deceased." The land in controversy is particularly described in the deed which includes the covenant and agreement "that they will warrant and defend the title to the share of John A. Pool, in and to the said tract of land against the claims and demands of any and all persons whomsoever, claiming by, through or under them."

Thereafter, on 30 December, 1936, Stephen P. Pool (unmarried) conveyed to the defendant, her heirs and assigns, "all of his right, title and interest in and to a certain tract or parcel of land," etc., which it is admitted is the tract of land in controversy.

This deed contains the following provisions:

"It is intended hereby to convey a one-half interest in fee simple to

said land, and the other one-half interest in said land subject to the terms of the will of N. A. Pool, which is recorded in the office of the clerk of the Superior Court of Granville County, in Book 24, page 84. See also deed from J. A. Pool to S. P. Pool recorded in the office of the Register of Deeds for said county in Book 60, at page 496.

"TO HAVE AND TO HOLD a one-half interest in said land together with all and singular the rights, privileges and appurtenances thereunto belonging to herself, the said Grayce Wilkins Goode, in fee simple forever, and to have and to hold the other one-half interest in said land in fee simple, subject, however, to the terms and provisions of the will of said N. A. Pool as hereinbefore referred to.

"And the party of the first part for himself, his heirs and assigns, covenants and agrees to and with the party of the second part, her heirs and assigns, that he is seized and possessed of said lands in fee and has the lawful right to convey the same in fee simple, subject to the terms and provisions of the will of said N. A. Pool, that the same is free and clear of any and all encumbrances whatsoever, and that he will forever warrant and defend the title to a one-half interest in said land against the lawful claims of all persons whomsoever, and that he will forever warrant and defend the title to the other one-half interest in said land against the lawful claims of all persons whomsoever, claiming the same by, through or under him, subject, however, as hereinbefore set out to the terms of the will of said N. A. Pool."

Stephen P. Pool died intestate on or about 9 July, 1937, without ever having married and without issue. On 28 July, 1939, John A. Pool and wife executed and delivered to the plaintiffs a deed conveying or attempting to convey a one-half undivided fee simple interest in said tract of land. It is under this deed that plaintiffs claim a one-half interest in said tract of land as tenants in common with the defendant.

When the cause came on to be heard in the court below the parties waived trial by jury and agreed that the court could hear the evidence, find the facts and render judgment thereon. After hearing the evidence the court entered its judgment finding the facts and adjudging "that the petitioners have no interest of any kind and that the defendant is sole seizin of said tract or parcel of land" and dismissing the action. The plaintiffs excepted and appealed.

*T. Lanier and R. W. Winston for plaintiffs, appellants.*
*Royster & Royster for defendant, appellee.*

BARNHILL, J. In the devise to Stephen Pool and John A. Pool there is an ulterior limitation which provides that upon the death of either without an heir his share shall be the property of the surviving brother.

Upon the happening of this contingency—the death of either without heir—the estate is to be taken out of the first line of descent and then put back into the same line, in a restricted manner, by giving it to one, but not to all, of those who presumably would have shared in the estate as being potentially among the heirs general of the first taker, and it appears that the testator had other children and the survivor would be only one of those entitled to take, as heir, should either of the brothers die without lineal descendants. This is a circumstance which may be used as one of the guides in ascertaining the paramount intention of the testator, and, with other *indicia,* it has been held sufficient to show that the word "heirs" was not used in its technical sense. *Edwards v. Faulkner,* 215 N. C., 586, 2 S. E. (2d), 703; *Brown v. Mitchell,* 207 N. C., 132, 176 S. E., 258; *Doggett v. Vaughan,* 199 N. C., 424, 154 S. E., 660; *Pugh v. Allen,* 179 N. C., 307, 102 S. E., 394. Under the terms of the will Stephen Pool and John A. Pool each took a moiety in fee as tenants in common with the other, subject to be defeated upon death without issue, and a contingent remainder interest in his brother's share.

Ordinarily, when the remainder is contingent a fee simple title will not pass by the deed of the parties prior to the happening of the contingency upon which the limitation depends for, until the event has occurred, it cannot be known who will take. *Woody v. Cates,* 213 N. C., 792, 197 S. E., 561; *Mercer v. Downs,* 191 N. C., 203, 131 S. E., 575; *Irvin v. Clark,* 98 N. C., 437, 4 S. E. (2d), 30.

But when the limitation is by way of contingent remainder or an executory devise and the person who is to take is certain, an assignment of the contingent interest, being what is termed a "possibility coupled with an interest," will be upheld in equity upon the happening of the event and the devolution of the property. *Woody v. Cates, supra,* and cases cited.

Thus it was held in *Foster v. Hackett,* 112 N. C., 546, 17 S. E., 426, that a warranty deed by one having only a contingent remainder in land passes the title, by way of estoppel, to the grantee, as soon as the remainder vests by the happening of the contingency upon which such vesting depends. See also *Woody v. Cates, supra.*

Where a grantor executes a deed in proper form intending to convey his right, title and interest in land, and the grantee expects to become vested with such estate, the deed, although it may not contain technical covenants of title, is binding on the grantor and those claiming under him, and they will be estopped to deny that the grantee became seized of the estate the deed purports to convey. *Williams v. R. R.,* 200 N. C., 771, 158 S. E., 473. *Crawley v. Stearns,* 194 N. C., 15, 138 S. E., 403, and *Woody v. Cates, supra,* are to the same effect.

Speaking to the subject in *Weeks v. Wilkins,* 139 N. C., 215, 51 S. E., 909, it was said: "Where the conveyance purports, as in this case, to pass a title in fee to the entire body of land, the grantor is estopped thereafter to say it does not. The consensus of all the authorities is to the effect that where the deed bears upon its face evidence that the entire estate and title in the land was intended to be conveyed, and that the grantee expected to become vested with such estate as the deed purports to convey, then, although the deed may not contain technical covenants of title, still the legal operation and effect of the deed is binding on the grantors and those claiming under them, and they will be estopped from denying that the grantee became seized of the estate the deed purports to vest in him."

Thus it appears that under these principles of law which prevail in this State John A. Pool, by his deed to Stephen P. Pool, conveyed all of his interest in the tract of land in controversy, both present and contingent, and that both he and his grantees are estopped to deny that title thereto vested in Stephen P. Pool. The plaintiffs, grantees of John A. Pool, may not now assert that the said deed did not divest John. A. Pool of all of his title and interest in the land.

But, notwithstanding this fact, by reason of the phraseology of the deed from Stephen P. Pool to the defendant, may she now claim title to the land in controversy? Under her deed one-half interest in the land is conveyed subject to the provisions and conditions in the will of N. A. Pool. Nothing else appearing, her title to a one-half interest terminated upon the death of Stephen P. Pool without a lineal descendant. But, by reason of the deed of John A. Pool, it could not vest in him or in his grantees. Both he and they were estopped to assert ownership thereof under the terms of the will. Consequently, title to this one-half would remain in Stephen P. Pool and descend to his heirs as such.

However, this is not the full import of the language in the deed to the defendant when the instrument is considered as a whole. Her grantor— in whose heirs title would rest except for the deed—expressly covenants and agrees with the defendant to forever warrant and defend the title to said one-half interest against the lawful claims of all persons whomsoever, claiming the same by, through or under him. Thus the heirs of Stephen P. Pool, by the act of their ancestor, are estopped to assert title to the premises as against the defendant.

At the time John A. Pool attempted to convey the land in controversy to the plaintiffs he had divested himself of all interest therein by his deed to his brother. His deed to plaintiffs conveyed nothing. Independent of this fact, he and his grantees, the plaintiffs, are estopped by the deed to Stephen P. Pool to assert title to the land. Stephen Pool,

as against himself, his heirs, and any and all other persons claiming by, through or under him, has conveyed his title—acquired both under the will and under the deed from John A. Pool—to the defendant. Furthermore, they and each of them are estopped to assert title thereto by virtue of the language warranting title to the defendant as against them. The defendant is the sole owner of the land described in the pleadings, by estoppel at least. The judge below so concluded and the judgment entered must be

Affirmed.