VERNA MAY WILLIAMS AND HUSBAND, DAN WILLIAMS; RAYMOND PHILLIPS AND WIFE, ATHLENE PHILLIPS; HERBERT PHILLIPS AND WIFE, EVA PHILLIPS; HADIE PHILLIPS AND WIFE, LILLIAN G. PHILLIPS; SETH PHILLIPS AND WIFE, KATIE PHILLIPS, AND HELEN PHILLIPS, WIDOW OF JESSE PHILLIPS, v. MARGUERITE JOHNSON; FRANCIS WILLIAMS; DANIEL W. WILLIAMS, ELIZABETH WILLIAMS; SHIRLEY MAE WILLIAMS; RACHEL DAVIS WILLIAMS; JEANETTE PHILLIPS; POLLY ANN PHILLIPS; DONNA JOYCE PHILLIPS; SARAH JANE PHILLIPS; S. L. PHILLIPS, JR.; MARY COOPER PHILLIPS; JOSEPH C. PHILLIPS; LINDA KAY PHILLIPS; RUTH PHILLIPS; AND JESSE RAY PHILLIPS, THE LAST FIFTEEN ABOVE NAMED DEFENDANTS BEING MINORS AND REPRESENTED BY THEIR GUARDIAN AD LITEM, WALTER SHEPPARD; AND WALTER G. SHEPPARD, GUARDIAN AD LITEM OF ALL UNBORN CHILDREN AND NEXT OF KIN OF VERNA MAY WILLIAMS, RAYMOND PHILLIPS, HERBERT PHILLIPS, HADIE PHILLIPS AND SETH PHILLIPS, AND JESSE RAY PHILLIPS.

(Filed 7 April, 1948.)

1. Wills § 33b—

The rule in *Shelley's case* does not apply to a devise to testator's grandchildren during the term of their natural lives, then "to their bodily heirs, or issue surviving them," with limitation over of the share of any grandchild who should die without issue, since it is apparent that the word "heirs" was not used in its technical sense, and the grandchildren take only a life estate.

**2. Wills § 34—**

A limitation over to the life tenant's next of kin in the event of the life tenant's death without issue him surviving, takes the estate upon the happening of the contingency, to the brothers and sisters of the life tenant to the exclusion of issue of deceased brothers and sisters, "next of kin" in such instance meaning "nearest of kin" or "next blood relation," and not "heir" or "heirs."

**3. Wills § 33c—**

A devise to the widow of testator's son for life, then to testator's grand-children for life with remainder in fee to the issue of the grandchildren, with provision that upon the death of any grandchild "without leaving him surviving issue or issues, then to his next of kin, in fee simple," vests the remainder in fee in the issue of the grandchildren, defeasible as to the share of each grandchild upon his death without issue him or her surviving.

**4. Wills § 34—**

A devise for life to testator's grandchildren remainder in fee to testator's great-grandchildren, with limitation over to the next of kin of any grandchild failing to leave issue him or her surviving, takes the estate to the issue of each grandchild *per stirpes*, since, had the testator intended that the issue of the grandchildren take *per capita*, there would have been no necessity for a limitation over upon the failure of any grandchild to leave surviving issue.

APPEAL by plaintiffs from *Frizzelle, J.,* at Chambers in Snow Hill, N. C., 7 February, 1948. From GREENE.

This is a civil action instituted 7 February, 1946, by the plaintiffs under the provisions of the Uniform Declaratory Judgment Act, G. S., 1-253, *et seq.,* for the purpose of obtaining a construction of the last will and testament of Jesse Phillips, late of the County of Greene, which will was duly probated in March, 1925.

Jesse Phillips died seized of a tract of land situate in Greene County, N. C., near the Town of Hookerton, and being the lands purchased by him from Ed Flanagan and wife.

Under Item 3 of said will, the devisor gave a life estate in said tract of land to Mrs. Odie Phillips, wife of Mat Phillips, who was the son of the devisor, provided she remain a widow.

Item 4 of the will provides as follows: "After the death of the said Odie Phillips, I give and devise to my beloved grandchildren, to-wit: the children of my beloved son, Mat Phillips, for and during the term of their natural lives, the said farm above described, and after the death of my said grandchildren as aforesaid, then to their bodily heirs, or issue surviving them, and in the event any of said grandchildren shall die, without leaving him surviving issue or issues, then to his next of kin in fee simple forever.".

The plaintiffs, Verna May Williams, Raymond Phillips, Herbert Phillips, Hadie Phillips, and Seth Phillips, are the now living grandchildren of the devisor, the late Jesse Phillips; one grandchild is dead, to wit: Jesse Phillips, who left surviving him his widow, the plaintiff Helen Phillips, and one child Jesse Ray Phillips, one of the defendants.

The defendants are the great-grandchildren of the devisor and all but one are minors. Said minors, as well as all unborn children and next of kin of the plaintiffs, are represented herein by guardian *ad litem*.

The court below held that the plaintiffs are the owners of a life estate after the death of Mrs. Odie Phillips in said lands with remainder to their bodily heirs or issue surviving them or their next of kin in fee simple, the rule in *Shelley's case* not being applicable, and that the provisions of the General Statutes, Section 41-1, do not apply; and that after the death of the life tenant, Mrs. Odie Phillips, the life tenants and the representative of such as are deceased, take their interest in said lands *per capita* and not *per stirpes*. The plaintiffs appeal, assigning error.

*Walter G. Sheppard for plaintiffs.*
*K. A. Pittman for defendants.*

DENNY, J. The appellants contend the court below erred in holding that the rule in *Shelley's case* does not apply to the devise under consideration. The contention is untenable. It is clear that in using the phrase "their bodily heirs or issues surviving them," the devisor meant children or issue of his grandchildren. Furthermore, this conclusion is supported by the limitation over to the effect that "in the event any of the said grandchildren shall die without leaving him surviving issue or issues, then to his next of kin, in fee simple forever." *Moore v. Baker,* 224 N. C., 133, 29 S. E. (2d), 452; *Williamson v. Cox,* 218 N. C., 177, 10 S. E. (2d), 662; *Edwards v. Faulkner,* 215 N. C., 586, 2 S. E. (2d), 703; *Brown v. Mitchell,* 207 N. C., 132, 176 S. E., 258; *Fields v. Rollins,* 186 N. C., 221, 119 S. E., 207; *Wallace v. Wallace,* 181 N. C., 158, 106 S. E., 501; *Jones v. Whichard,* 163 N. C., 241, 79 S. E., 503; *Puckett v. Morgan,* 158 N. C., 344, 74 S. E., 15.

In the case of *Puckett v. Morgan, supra,* the devise was to "Martha Morgan . . . during her life, then to her bodily heirs, if any, but if she have none, back to her brothers and sisters." *Brown, J.,* in delivering the opinion of the Court, said: "In the will now under consideration, we think the testator Pace has so explained and qualified the use of the words 'her bodily heirs' as to plainly indicate that he meant the children or issue of his daughter Martha, and that the words are not employed in their legal or technical sense as representing heirs in general, but

only as descriptive of a certain class of heirs. The words 'if any' would be quite appropriate to indicate the possibility of no issue, but not to indicate the contingency of no lawful heirs, for it is rarely possible for one to die without heirs, and not uncommon to die without children. Then again the reversion over is to a class of heirs at law who would certainly inherit in the event of a failure of issue. It is also manifest that the testator did not intend that his daughter should take an estate in fee, for in express words he devised her an estate for life only, and the context shows that he intended that her children should take at her death, and in the event of her death without children, then that her brothers and sisters should receive the property."

Likewise, in *Wallace v. Wallace, supra,* it was held that a conveyance to C. A. Wallace for life, and after his death "to his bodily heirs in fee simple, if any, and if none, to go to his next of kin," created a life estate only in Wallace, remainder to his children, if any, and if none, then over to his next of kin.

It seems clear that the devisor in the instrument under consideration intended to limit the estate devised to his grandchildren to one for life and upon their death to such of their children or issue as might survive them, but if any grandchild should die without issue then to such grandchild's next of kin. The term "next of kin," when used in a deed or will in connection with a limitation over upon the failure of issue, nothing else appearing to the contrary, means "nearest of kin" or "nearest blood relation," and restricts its meaning to a limited class of nearest blood relations, to the exclusion of those enumerated as next of kin in the statute of distribution. *Williamson v. Cox, supra; Knox v. Knox,* 208 N. C., 141, 179 S. E., 610; *Wallace v. Wallace, supra.* "The word 'heir' or 'heirs' is not synonymous with the term 'nearest blood relation.'" *Miller v. Harding,* 167 N. C., 53, 83 S. E., 25.

We think the judgment below must be upheld in so far as it holds that the living grandchildren of Jesse Phillips, the devisor, have a life estate only in the devised premises. The children of these plaintiffs have a remainder in fee, defeasible upon their failure or the failure of their issue to survive the death of the maternal or paternal ancestor who was a grandchild of the devisor.

The defendant Jesse Ray Phillips, being the sole surviving child of Jesse Phillips, deceased, one of the six grandchildren of the devisor, is seized in fee simple of a one-sixth undivided interest in and to the premises, subject to the life estate of his grandmother, Mrs. Odie Phillips. And should any of the remaining grandchildren die without issue surviving, his or her interest in the premises will go to his or her next of kin, who will be his or her surviving brothers and sisters, to the exclusion of any issue of a deceased brother or sister. *Wallace v. Wallace, supra.*

The court below held that after the death of the life tenant, Mrs. Odie Phillips, the life tenants and the representatives of such as are deceased, take their interest in said lands *per capita* and not *per stirpes*. This ruling is not material in so far as it affects the interest of any of the parties to this action at the present time, the deceased grandchild, Jesse Phillips, having left surviving him only one child. However, the devise under consideration was to the grandchildren of the devisor as a class, and we think it was the intent of the devisor that the children or issue of each grandchild should take *per stirpes* and not *per capita*. If he had intended that his grandchildren and their issue should constitute a class and take *per capita,* there would have been no necessity for a limitation over upon the failure of any grandchild to leave issue surviving. him. See *In re Estate of Poindexter,* 221 N. C., 246, 20 S. E. (2d), 49, 140 A. L. R., 1138, and *Wooten v. Outland,* 226 N. C., 245, 37 S. E. (2d), 682, where authorities are assembled in connection with a discussion of the general rule, as to when beneficiaries take *per capita* and when they take *per stirpes.*

Except as modified herein, the judgment of the court below is affirmed. Modified and affirmed.